Alexander Del Giorno, J.
This is a motion for a resettlement of the order of this court entered April 1, 1966, which would provide that the examination before trial granted herein be conducted by the claimant by the use of a recording device, etc.
Had the recording device been produced before the court, and had it been proven to the satisfaction of the court that it could not be meddled or tampered with, the court would have granted this motion in the same manner that it granted the motion in Rubin v. State of New York (12 Misc 2d 6). The court, absent such proof of efficiency for the recording of voices and that the voice may not be erased, reused or tampered with, cannot grant this motion.
'Since the matter of consent by the courts regarding the use or not of a recording device to take down testimony outside of a courtroom is still in a fluid state, for there are no available standards concerning said use, it is suggested to the Bar in general, that upon an application for an examination before trial or other out-of-court testimony being made to the court, the applicant should at that time inform the court in the affidavits in support of the motion as well as orally, that it is the intent of the party to use such device, giving the name of the device and its qualities of operation, as well as such other facts as will *787 indicate to the court that the device is acceptable and tamper-proof.
We may note here that the question of whether or not testimony outside of the court may be taken by means of recording devices will become larger and larger and have more importance to the legal profession in general, for which reason the court takes the opportunity by means of this decision to suggest to the Bar in general that as an organized body it gives this subject study and thought which could lead to a report and suggestion upon which the courts could more adequately pass upon a question of this type.
Motion is denied only for the reasons above set forth by the court.