Alexander Del Giorno, J.
This is a motion to resettle a previous order made by this court on April 1, 1966 (see, also, 50 Misc 2d 786), permitting an examination before trial of the State by means of the interrogation of person or persons having charge of the room wherein the assault upon which this action is based occurred with respect to the relevant facts and circumstances in connection with the alleged assault which it is claimed occurred on August 23, 1962; and further requiring the State to furnish to claimant names and addresses of said persons, as well as to produce at the examination books, papers and records relating to the imprisonment and conduct within the institution of one Moore, the alleged perpetrator of the assault, and designated as Prisoner No. 36817, at Clinton State Prison, as well as other State penal institutions and State hospitals wherein he may have been incarcerated or hospitalized, except any such hospital records as may relate to Moore’s propensities, diagnosis, treatment and prognosis, and permitting claimant to discover, inspect and make copies of said records of imprisonment, etc.
Following said order, an examination before trial of the State was held at the Clinton State Prison, Dannemora.
Upon argument of this motion, the Attorney-General conceded that records of all State penal institutions wherein Moore had been incarcerated were not produced at the examination before trial as was required by the order, nor were the hospital records, which at least could have been marked for identification.
The motion principally requests that the order be amended to “ include Moore’s hospital records ” rather than “ except ” the production and discovery and copying the portion relating to Moore’s propensities, diagnosis, treatment and prognosis.
The State opposes the motion and stands on the original order. It also asserts that, if an examination of the hospital records should be granted, the same should be held at the Clinton State Prison, Dannemora, on the ground that there exists no authority permitting the removal of the records.
Upon reconsideration and in the interests of justice, the court will enter an order requiring a continuation of the examination before trial at the office of the Attorney-General, 270 Broadway, New York, N. Y., on November 15, 1966, at 10:00 a.m., at which time the court will be available to the parties for any and all necessary rulings on matters in issue. The court will further require that the State produce all records available to the State *952 of incarcerations of said Moore within the State penal institutions, and also any and all hospital records pertaining to said Moore while a prisoner.
The court’s order will further permit an examination of the hospital records and the discovery and copying from said records, if therein contained, of such matters as relate to: 1. Moore’s history prior to and while at said hospital or hospitals. 2. Observations of his propensities not related to medical and psychiatric observations, inquiry or analysis concerning Moore’s propensities. 3. Length of stay in hospital and names and addresses of doctors treating him. 4. Any nonmedical observations recorded in the hospitals.
The order will further provide that all such records be produced at the said examination before trial and that they may be marked for identification.
Except as herein amended the original order shall remain in effect.
Short-form order has been entered herein by the court as of this date.