Lawrence H. Cooke, J.
Plaintiffs, husband and wife, bring this action against defendant as a result of injuries allegedly sustained by the wife while visiting a patient in Room E-209 located in the psychiatry ward of defendant’s hospital when a patient, “ known as Smith Jones* or another patient whose name is unknown ’ ’ and who was confined in said room, assaulted said visitor.
Plaintiffs served a notice to take defendant’s deposition upon oral examination, which notice contained a direction to produce at said examination certain books, papers and records, including the following: “ b. Hospital record and/or other record kept by the agents, servants and employees of the defendant in control of the said psychiatric ward and more particularly Room E-209 on June 6, 1966 and particularly the hospital record of the patients confined to said room — E-209 and particularly the hospital record of the patient known as Smith Jones.” Defendant moves to vacate or modify said notice to take defendant’s testimony in that it requires the production “ of the hospital record and other records kept by the defendant with reference to a patient known as Smith Jones, and the hospital record of any other patients confined to Room E-209, although Smith Jones and such other patients are not parties to this action, and have not been given notice of the possible production of their hospital records.”
Plaintiffs also served a notice for the discovery and inspection of certain documents and things, including the following.:
“ 2. Supervisors report, head nurses’ report or other records kept by the agents, servants and employees of the defendant in control of the said psychiatric ward and particularly Room E-209 on June 6,1966.
‘ ‘ 3. Hospital record of patient known as Smith J ones, being
the patient confined to said psychiatric ward and Room E-209. * # #
*241 “ 7. Books and records relating to the patient known and designated as Smith Jones pertaining to his confinement at said hospital, his conduct therein and further all hospital records pertaining to such matters as relate to the said patient’s history before entering such hospital stay, length of stay in hospitals, names and addresses of doctors who treated him, observations of his propensities solely related to medical and psychiatric observations, inquiry or analysis concerning said patient’s propensities, and any other nonmedical observations recorded in said hospital record or records.”
Defendant also moves to vacate or modify said latter notice, as it pertains to items 2, 3 and 7, on similar grounds.
Subdivision (a) of CPLR 4504, entitled “ Confidential information privileged ’ ’, provides: ‘ ‘ Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing or dentistry shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.” Although a witness may rely upon a privilege personal to himself whether or not any party joins in an objection (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.38), the question of privilege can be raised by any party to the action although the patient is not a party (Matter of Warrington [State of New York], 303 N. Y. 129,136; Murray v. Physical Culture Hotel, 258 App. Div. 334, 337) and the party asserting the privilege bears the burden of showing its application (People v. Decina, 2 N Y 2d 133,141; People v. Austin, 199 N. Y. 446, 452). To meet this burden it must be established that (1) the person whose testimony he seeks to exclude was authorized to practice medicine or dentistry or was a registered professional or licensed practical nurse, (2) the information to be excluded was acquired by such person while attending the patient in a professional capacity, (3) the information was necessary to enable such person to act in that capacity, and (4) the information was intended to be confidential (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4504.04).
If the physician has acquired any information which was not necessary to enable him to prescribe, or to act as a physician or surgeon, such information he can be compelled to disclose, although he acquired it while attending a patient, and any information which may be plainly observed or easily obtained by a layman is not within the purview of the statute (Klein v. Prudential Ins. Co., 221 N. Y. 449, 453; People v. Austin, 199 N. Y. 446, 452, supra; Edington v. Ætna Life Ins. Co., 77 N. Y. 564, *242 570; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4504.08; Fisch, New York Evidence, par. 544; Richardson, Evidence [8th ed.], § 449).
The privilege extends to hospital records (Matter of Coddington, 307 N. Y. 181, 195; Matter of New York, City Council v. Coldwater, 284 N. Y. 296; Matter of Investigation, etc., County of Kings, 286 App. Div. 270, mot. for lv. to app. den. 309 N. Y. 1031; Richardson, Evidence [8th ed.], § 455). In Westphal v. State of New York (191 Misc. 688, 692) involving a claim that an infant was assaulted by an escaped inmate of a State mental hospital, it was held that not all entries contained in hospital records are privileged, such as those showing facts pertaining to prior escapes and previous assaults. In Milano v. State of New York (44 Misc 2d 290), the court found that defendant failed to sustain its burden as to confidentiality and stated that the proper test to be applied is whether, in the light of all the surrounding circumstances, the communication was intended to be confidential and whether the injury to the patient which might result from the disclosure would be so great as to outweigh the benefit that disclosure would afford in placing before the court such information as is necessary for an informed judgment on the merits of the instant claim (p. 292). The record was reviewed by the court and it was found that the proper disposition of the claim required the admission of the record, absent a clear showing on defendant’s part that the privilege must be invoked, in order to protect the legitimate interests of the patient and that, whatever the merit of encouraging the preservation of the privilege to maintain confidence between physician and patient, the privilege should not be employed as a means of suppressing evidence otherwise material to a proper judicial determination with the result that merits of claims may never be reached (p. 293). (See Alamo v. State of New York, 51 Misc 2d 950; Torres v. State of New York, 14 Misc 2d 246; Boykin v. State of New York, 13 Misc 2d 1037, affd. 7 A D 2d 819; Fisch, New York Evidence, § 547.)
While there is a distinction between discovery and inspection of books, papers and things under CPLR 3120 and the production of such for use at an examination pursuant to CPLR 3111 (Kandel v. Tocher, 22 A D 2d 513, 518; Rios v. Donovan, 21 A D 2d 409, 412-413; Luddy v. State of New York, 45 Misc 2d 948, 950; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3111.01, 3120.03), there do not appear to be different standards with reference to the scope of disclosure, applicable under CPLR 3120 (concerning discovery and inspection) and under CPLR 3107 et seq. (concerning oral depositions) (Booth, Lipton & Lipton v. Cassel, 51 Misc 2d 853, 854, affd. 27 A D 2d 706).
*243 According to the complaint and other papers submitted, plaintiffs claim the assault was committed by a single person, yet, under the notice to take the defendant’s deposition upon oral examination, defendant is required to produce hospital records of all patients confined to a certain room. A person giving a deposition need not produce documents which are unnecessary, immaterial or privileged (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3111.04) and it appears that said notice would require certain unnecessary, immaterial records and some which would in turn be privileged. The same threshold reasoning applies to the notice for discovery and inspection. Defendant should not be required to furnish the hospital records in question until it is established who plaintiffs claim perpetrated the assault or even who defendant may claim was the assailant or the one involved.
The description of books, papers or things to be produced, pursuant to CPLR 3111, should be as detailed as it is reasonable to expect and, if the party seeking the examination can describe what he wants, he should do so, but, obviously, often he will not know what precisely is in the hands of his adversary (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3111.03). CPLR 3120 requires that the documents or things sought be “ specifically designated” with “reasonable particularity” in the notice to produce (Rios v. Donovan, 21 A D 2d 409, 413; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.17).
It is not clear just what records are intended under item “ 2 ” of the notice for discovery and inspection. It may be that plaintiffs have in mind internal business reports (cf. Weisgold v. Kiamesha Concord, 51 Misc 2d 456) or, if broadly interpreted, it might include hospital records of patients.
Here, proper procedure requires that plaintiffs first ascertain by means of the deposition or otherwise the identity of the participant in the assault and then take steps for a further deposition with the further production of documents under CPLR 3111. The right to the production of a particular patient’s hospital records can then be intelligently adjudicated. Plaintiffs may then be able to take steps for the discovery and inspection of hospital records but such discovery and inspection may have to await the further examination in order to identify the contents of the patient’s hospital record and then determine plaintiffs’ right to discover and inspect the parts of said record. (Cf. Rios v. Donovan, 21 A D 2d 409, 414, supra.)
The notice to take defendant’s deposition upon oral examination is modified by deleting therefrom the requirement that defendant produce ‘ ‘ the hospital records of patients confined to said room — E-209 and particularly the hospital record of the *244 patient known as Smith Jones ”, without prejudice to disclosure procedures requiring the production of hospital records at a further deposition following the one called for by notice of December 6,1967.
The notice for discovery and inspection is modified by deleting therefrom items “2”, “3” and “7”, without prejudice to further disclosure procedures for the discovery and inspection of the papers, records and documents mentioned in said items following completion of the deposition called for by notice of December 6,1967.

 The name “ Smith J ones ” is fictitious and is substituted at this point and hereinafter in place of the specific name employed in the motion paper.