Albert A. Oppido, J.
In this medical malpractice action, the defendant, G-. D. Searle & Co. (hereinafter referred to as Searle), seeks an order permitting it to make a videotape recording, in addition to a stenographic transcription, of the examination before trial of Doctor Victor A. Drill, the former director of biological research of Searle. The defendant, Searle, seeks the opportunity to videotape Dr. Drill’s examination, at its own expense, for use at the trial of this action, pursuant to CPLR 3117, on the ground that Dr. Drill will be unable to testify at the trial of the action due to his having suffered an acute anterior myocardial infarction on August 23, 1971.
Plaintiffs, in their opposing papers, assert that the videotaping of the examination before trial is an attempt by the defendant, Searle, to place its witness “ in the best and favorable light to a jury without subjecting the witness to the deep, penetrating and intensive cross-examination that a visual witness should be subjected to ”. Plaintiffs further claim that if the videotaping were allowed, a “ circus type atmosphere ” would be created at the trial -of this action. *448 While the instant application presents a question of first impression in this State, other jurisdictions have permitted the videotaping of examinations before trial[1] and, in the State of Ohio, an entire trial was pretaped and presented to the jury by the use of videotape.[2] Further, in some jurisdictions, videotaping of trial proceedings has been utilized with apparent success when a competent court reporter was unavailable;[3] In the area of criminal law, videotape recordings of a defendant’s statement to the police (Hendricks v. Swenson, 456 F. 2d 503 [8th Cir., 1972]; Paramore v. State, 229 So. 2d 855 [Sup. Ct., Fla., 1969]), as well as videotapes of a lineup (People v. Heading, 39 Mich. App. 126 [1972]; Washington v. Newman, 4 Wash. App. 588 [1971]), have been shown to the jury.
•Perhaps the most concise statement of the rationale underlying the use of videotaped depositions can be found in Carson v. Burlington Northern Inc. (52 F. R. D. 492, 493 [D. Neb., 1971]): “ ‘ The finder of fact at trial often will gain greater insight from the manner in which an answer is delivered and recorded by audiovisual devices. Moreover, a recording, a video tape, or a motion picture of a deposition will avoid the tedium that is produced when counsel read lengthy depositions into evidence at the trial. ’ 8 Wright & Miller, Fed. Practice and Procedure 426 (1970).”
Since other jurisdictions have sanctioned the use of videotapes, the immediate question before this court is whether anything in the CPLR prohibits the videotaping of a deposition.
While the traditional method of recording testimony in examinations before trial is by the use of a stenographer, courts in *449 this State have permitted the usé of recording devices in lieu of a stenographer. Thus, in Catapano v. Shapiro (6 A D 2d 1054) and Gotthelf v. Hillcrest Lbr. Co. (280 App. Div. 668) the First and Second Departments sanctioned the electronic recording of examinations before trial.[4] Because a videotape is “ nothing more than a motion picture synchronized with a sound recording ” (People v. Heading, 39 Mich. App. 126, supra),[5] the rationale permitting the use of electronic recording devices would allow the use of videotapes.
Since the language of CPLR 3113 (subd. [b]) does not contain explicit language that would require an examination before trial to be stenographically. recorded,[6]
[7]any timidity by this court in exercising its discretion in sustaining the present motion will frustrate an avenue of great procedural significance in the efficient and economic administration of justice.? Rather *450 than turning the trial of this action into a “ circus ”, as asserted by plaintiffs, it is the opinion of this court that videotaping will have precisely the opposite effect. Not only will theatrics and histrionics be curtailed but also the videotape procedure would thwart a party or witness who is intent upon throwing courtroom decorum “ up for grabs ”. (See Morrill, Enter— The Video Tape Trial, 3 John Mar. J. Prac. & Proc. 237, 245; First Videotape Trial; Experiment in Ohio, A Symposium, 21 DJL 267, 275-276.) Moreover, it is the opinion of this court that the use of the videotaped depositions at trial could result in the obtaining of expert testimony which often is impossible to obtain because of the expenses involved and could expedite the trial of the action, which often is delayed because of the unavailability of the expert witness. (See, e.g., Meyer, The Expert Witness: Some Proposals for Change, 45 St. John’s L. Rev. 105, 109.)
It is the conclusion of this court that the defendant, Searle, will be permitted to not only stenographically transcribe the forthcoming examination before, trial of Dr. Drill, but also to videotape, at their own expense, that examination.
By this ruling, the court in no way passes upon the admissibility of the videotaped examination at the trial, for a proper foundation must be laid for the admission into- evidence of the videotape. (See Miller, Videotaping the Oral Deposition, 18 Prac. Law., No. 2, pp. 45, 56-57.)[8] Of course, in addition thereto, defendant, Searle, must satisfy the requirements of CPLR 3117 (subd. [a], par. 3) before the deposition of Dr. Drill may be used at the trial.
Since a stenographic transcription of the examination before trial will be made along with the videotaping of that examination, many of the “ safeguards” spelled out in Carson v. *451 Burlington Northern Inc. (52 F. R. D. 492, 493, supra) and in Miller, Videotaping the Oral Deposition, (supra) may be relaxed. However, this court will enlist counsel in their roles as officers of this court to evolve an order embodying whatever safeguards are deemed to be necessary to implement this decision.

. In December, 1971, a videotape deposition of a doctor from 0abridge, Tennessee, was admitted in a negligence action tried in St. Petersburg, Florida (On Trial-. Videotape, 46 Fla. B.J. 159). In April, 1972, a videotape deposition of a doctor was admitted in a medical malpractice action tried in Los Angeles, California (Court Takes Videotape Testimony, Los Angeles Daily Journal, April 24, 1972, p. 1). In Carson v. Burlington Northern, Inc. (52 F. R. D. 492 [D. Neb., 1971]), a video tape of a deposition was authorized. The American Bar Association, in 1969, adopted the report of its Special Committee on Automobile Accident Reparations, 55 A. B. A. J. 374, 375, which included a recommendation that “ The use of video tape as a means of presenting the testimony of physicians should be encouraged ”.

. See, First Videotape Trial: Experiment in Ohio, A Symposium, 21 DLJ 267. See, also, Morrill, Enter — The Video Tape Trial, 3 John Mar. J. Prac. & Proc. 237.

. Madden, Illinois Pioneers Videotaping of Trials, 55 A. B. A. J. 457; Reynolds, Alaska’s Ten Years of Electronic Reporting, 56 A. B. A. J. 1080; Boyko, The Case Against Electronic Courtroom Reporting, 57 A. B. A. J. 1008,

. Contra, Bradshaw v. Best (7 A D 24 136); Dudley v. Bonhomme Realty Co. (4 Misc 2d 119). (See, also, Lester v. Lester, 69 Misc 2d 528; Alamo v. State of New York, 50 Misc 2d 786; Rubin v. State of New York, 42 Misc 2d 6; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3413.07.)

. See,-also, 3 Scott, Photographic Evidence, § 1294, p. 152.

. CPLR 3113 (subd. [b]) provides in part: “The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction, record the testimony. The testimony shall be transcribed. All objections made at the time of the examination to the qualifications of the officer taking the deposition or the person recording it, or to the manner of taking it, or to the testimony presented, or to the conduct of any person, and any other objections to the proceedings, shall be noted by the.officer upon the deposition and the deposition shall proceed subject to the right of a person to apply for a protective order.” Compare this language with former subdivision (c) of rule 30 of the Federal Rules of Civil Procedure which provided in part “the testimony shall be taken stenographically and transcribed unless the parties agree otherwise.” This rule was amended in 1970 and as amended the rule now reads (rule 30, subd. [b], par. [4]): “ The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and- may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to 'have a stenographic transcription made at his own expense.”

. See, e.g., Stewart, Videotape: Use in Demonstrative Evidence, 21 DLJ 253, who concludes his article with a prediction as to the future use of videotape (p. 265):
“ The use of videotape in the presentation of testimonial evidence is certainly an exciting prospect for the future. Experiments, tests, views of the accident scene or of exhibits too large to bring into the courtroom — all can now be faithfully and accurately demonstrated before the jury’s very eyes. The same technology that enables us- to watch an astronaut is now available to the attorney and his client with credible evidence to display.
*450 “ ‘ See for yourselves ’ is an argument far more persuasive than bombast, and the next decade is certain to be one in which many attorneys will take advantage of this medium.”
See, also, Comment, Use of Videotape in the Courtroom and the Stationhouse, 20 DePaul L. Rev. 924; Mayer, The Expert Witness: Some Proposals for Change, - 45 St. John’s L. Rev. 105, 109.

. Mr. Miller suggests the following requirements prior to the admission into evidence of the videotape:
1. It has been properly identified as a true and correct reproduction;
2. Proof is offered that the device used was capable of taking testimony and recording images, the operator was competent to operate the device, and there were no changes, additions, or deletions, in that which was recorded; and
3. Identification is made of the speakers.
See, also, Comment, Use of Videotape in the Courtroom and the Stationhouse, 20 DePaul L. Rev. 924, 943.