STATE of Missouri ex rel. Robert E. LUCAS et al., Relators,

v.

The Honorable Herbert K. MOSS, Judge of the Circuit Court of the County of Jefferson, Missouri, Division No. 1, Respondent.

No. 58142.

Supreme Court of Missouri, En Banc.

Sept. 4, 1973.

Cox & Moffitt, Dallas W. Cox, Jr., St. Louis, for relators.

Goldenhersh & Newman and Leo M. Newman, St. Louis, for respondent.

BARDGETT, Presiding Judge.

This is prohibition. The ultimate issue is whether or not the existing rules of this court prohibit the use of videotape (a sound motion picture technique) in the taking of a deposition and therefore prohibit the use of the videotape in presenting deposition testimony of a witness in court.

The relators, Robert and Sharon Lucas, are plaintiffs in a personal injury suit pending in the circuit court of Jefferson County, Missouri, and Sterling R. Bollinger is defendant therein. Respondent is judge of the circuit court of Jefferson County, Division No. 1.

Relators deposed one of their doctors. The deposition was taken on notice properly served but the notice did not state the deposition would be recorded by videotape in addition to the usual stenographic reporting method. The parties, by their attorneys, appeared at the doctor's office at the appointed time. Counsel for defendant Bollinger objected to the use of videotape for the taking of the deposition on the grounds that "there is available to the plaintiff a court reporter as provided by law, and there is not statute authority for videotape under these circumstances." Defense counsel also objected on the grounds that videotape unduly emphasizes the medical testimony in the case and is prejudicial to the defendant and that videotape is not an accurate representation of the medical testimony in the case.

The doctor's deposition was recorded on videotape, an audiovisual method, and also by a notary public in shorthand and thereafter transcribed into writing. The signature of the witness was waived by the witness and the parties.

On September 25, 1972, the respondent judge notified counsel for the parties that he would, on October 2, 1972, enter an order that the videotape of the deposition would be held inadmissible upon defendant's objection thereto. The basis of the court's threatened order was that either legislation or amendment to the Supreme Court Rules would be necessary in order to permit videotape usage for depositions in a civil case. It is agreed that the judge was of the opinion that, under the existing rules and statutes, the use of videotape on deposition was not permitted and it was therefore, as a matter of law, prohibited.

Relator sought prohibition to prevent the entry of the threatened order and on November 13, 1972, this court entered the following order:

"Provisional rule in prohibition will issue on November 27, 1972, unless prior to that date respondent indicates by order, or otherwise, that he will not exclude the videotape deposition of Dr. George Schoedinger, M. D., on the ground that this means of taking depositions is not permissible under Supreme Court Rule 57, V.A.M.R. Respondent shall advise the Clerk of this Court of any action taken pursuant to this order."

The trial court did not take action to comply with the order and therefore on November 27, 1972, relator's petition for writ of prohibition was sustained and provisional rule issued returnable in 30 days. The return of respondent and the reply of relators have been filed and the case has been briefed and argued.

◼ The issuance of a writ of prohibition is discretionary with the court and is not a writ of right. State ex rel. Woods v. Ratliff, 322 S.W.2d 864 (Mo. banc 1959); State ex rel. Industrial Properties, Inc. v. Weinstein, 306 S.W.2d 634 (Mo. App.1957). In this case the trial court believed it had no jurisdiction to permit the use of the videotape and announced its intention to enter the order noted supra. The proposed action by the trial court was not an exercise of that court's discretion with respect to the admissibility of evidence in the ordinary sense but rather a refusal to entertain the question of the admissibility of the videotape and was premised on the belief that the existing statute and court rules forbade the use of videotape at deposition as a matter of law. The court considers this matter to be one where the public interest in the prompt administration of justice demands a determination of the question; and because of the posture in which the case came here, this court, in the exercise of its discretion, issued an alternative order at the outset and will proceed to determine the question presented. State ex rel. McGaughey v.

Grayston, 349 Mo. 700, 163 S.W.2d 335 (banc 1942).

Not only is this a case of first impression, but, considering the burgeoning caseload in the trial courts and the existing necessity to adopt sound techniques that will aid such courts in the administration of justice by providing prompt resolutions of the disputes between people by trial, this case is also one of considerable importance to the trial courts, to the legal profession, and to the general public.

While this case is one of first impression in civil trials, the use of videotape in presenting a defendant's confession in criminal trials has been approved by this court. State v. Lusk, 452 S.W.2d 219, 224–225 (Mo.1970); State v. Hendricks, 456 S.W.2d 11, 13 (Mo.1970).

See State v. Lusk, supra, for a discussion of the evidentiary basis and qualifications for the use of videotape in evidence; for a nationwide analysis of the use of videotaped depositions in civil cases see Rubino v. G. D. Searle & Co., 73 Misc.2d 447, 340 N.Y.S.2d 574 (1973) where the use of videotape on deposition was approved.

■ The narrow question here, as in Rubino v. G. D. Searle & Co., supra, is whether the Supreme Court Rules prohibit the use of videotape on deposition and sequentially, whether the rules prohibit the admission of that videotape in evidence.

Rule 57.21 provides:

"Every witness whose deposition is taken in pursuance of these Rules, shall be sworn or affirmed to testify the whole truth by the person, judge or other officer before whom the deposition is taken. The examination shall be recorded by a reporter (or recording device) and shall be reduced to writing or typewriting."

Rule 57.22 provides:

"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them; provided, however, that the answers or responses as originally given, together with the changes made and reasons given therefor, shall be considered as a part of the deposition. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found, or is dead or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness, or death or absence of the witness or the fact of the refusal to sign together with the reasons, if any, given therefor; and the deposition may then be used as fully as though signed, unless, on a motion to suppress, the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

Rule 57.21 allows the deposition to be recorded by a reporter or a recording device. It does not require that the deposition be stenographically recorded. The rule does not purport to create an exclusive list of the types of recording devices that are encompassed by the rule nor does it prohibit any specific recording device. Videotape is a recording advice that preserves the existence of the spoken word as well as the visual picture.

As respondent states in his brief, "The videotape machine is merely, and nothing more than, a different form of the stenographer's tape in the stenographic machine, or nothing more than the note pad of a shorthand reporter, or nothing more than a voice disc or tape used by those court reporters who use the oral method of recording." Of course, it also records the visual image in addition to the spoken word.

Rule 57.22 requires the deposition to be transcribed and submitted to the witness for examination by him unless waived by the witness and the parties. In this case the deposition was transcribed and available for examination by the witness, although the witness and the parties waived signature.

Videotape is a recording device the use of which on deposition is not prohibited by Rules 57.21 or 57.22. Its use is therefore permissible.

■ Rule 57.21 requires that the witness be sworn by the person, judge, or other officer before whom the deposition is taken. In the instant case the witness was sworn by a notary public, an officer before whom depositions may be taken (Rule 57.03), and it is not required that the officer administering the oath be the person who records the deposition. The deposition was transcribed into writing and was available for examination by the witness in accordance with Rule 57.22, but the signature of the witness was waived by the witness and the parties. All of the requirements of the Supreme Court Rules for the taking of a deposition were complied with.

The question here really is whether the rules prohibit the depositional evidence to be placed before the jury by an audiovisual method—videotape.

Respondent argued that Rule 57.29 requires that the deposition must be "read" into evidence and that the use of videotape would not be "reading" the deposition but would be showing it. This contention places form over substance. Rule 57.29(a) permits the deposition to be read and *used* as evidence. Videotape does not violate this rule when it is used to present the deposition testimony to the jury.

■ As stated supra, the deposition was taken in accordance with the rules, but in addition to the usual stenographic recording and typewritten transcription there was an audiovisual recording made on videotape. The court holds that the rules of civil procedure do not prohibit the videotaping of a deposition nor do they prohibit the use of the videotape in trial to present the deposition testimony of the witness to the jury.

■ The court holds that a party is permitted to utilize videotape at deposition if done in addition to the traditional recording and transcription method. The expense of the videotape will be borne by the party utilizing it. Of course, the parties may agree to dispense with the traditional recording method and utilize videotape alone and may stipulate with respect to taxable costs.

Defendant Bollinger objected to the videotape on the grounds that it unduly emphasized the medical testimony in the case. If defendant means that the presentation of the evidence by photographic and audio means, in itself, unduly emphasizes the testimony of the witness, then the answer is that this method provides as close an approximation to the actual presence of the witness in court as can be done. This, in turn, accomplishes the desirable result of placing the jury in a better position to carry out their function of assessing the credibility of the witness than does the reading of a written deposition.

■ Whether or not the videotape is an accurate representation of the witnesses' testimony is a matter for the trial court's determination in each case. Technical matters involved in the proper and accurate presentation of testimony by audiovisual means will have to be resolved by the parties and the trial court.

By this ruling the court does not pass upon any objections to the use of the videotape at trial other than those under consideration here.

■ A rule setting forth the procedures to be employed on audiovisual depositions is being considered by the court. Until such a rule is adopted and becomes effective, the court believes that when a party

anticipates the use of videotape at deposition in the future, he should so state in the notice to take depositions or otherwise notify the opposing party. This is desirable in order to avoid embarrassment to the witness and opposing counsel which may arise unless notified that this photographic device will be used. The failure to so notify the opposing party will justify the refusal of the opposing party to proceed on videotape at that time.

Respondent is prohibited from excluding the videotape deposition of Dr. George Schoedinger on the ground that this means of recording deposition testimony or its use in evidence is not permissible under Supreme Court Rule 57.

The provisional rule is made absolute.

All concur.