STATE of Missouri, ex rel. George R. "Buzz" WESTFALL, Prosecuting Attorney, St. Louis County, Missouri, Plaintiff,

v.

Honorable George R. GERHARD, Judge, Circuit Court, St. Louis County, Missouri, Defendant.

No. 46202.

Missouri Court of Appeals, Eastern District.

Nov. 9, 1982.

REINHARD, Judge.

Prohibition. Gary Rawlins was charged with attempted stealing over $150.00 by deceit, a class D felony. On May 27, 1982, the case was assigned to defendant, the Honorable George R. Gerhard, for trial.

Before the trial commenced, Rawlins filed a motion *in limine* requesting that the trial court exclude evidence of telephone conversations between the victim and an unidentified caller, which he anticipated the state would offer. In the motion, Rawlins contends the phone conversations are inadmissible absent identification of the caller, are hearsay and "are not an exception to the hearsay rule either as statements of a co-conspirator or as part of the res gestae."

After hearing argument on the motion, the trial court entered the following order:

> [T]he court herein gives notice that on Sept. 1, 1982, it intends to sustain defendant's motion in limine, and also grants the state until said date leave to file its application for a writ of prohibition of said ruling on this motion in limine.[1]

Upon application of plaintiff, we issued our preliminary order.

In its brief and in oral argument, the state makes a persuasive case that the telephone conversations are admissible because "their relevance lies in the fact that they were made" rather than whether the statements were true. We need not, however, reach the issue of their admissibility because we have concluded that the preliminary order was improvidently granted.

A proceeding in prohibition is distinct and independent of the original action. It is substantially a proceeding between two judicial authorities and is a means by which the superior judicial authority exercises its superintendence over the inferior authority to keep it within the bounds of its lawful jurisdiction. *State ex rel. T.J.H. v. Bills,* 504 S.W.2d 76, 78 (Mo. banc 1974).

---

Clement E. Burns, Jr., Asst. Pros. Atty., Clayton, for plaintiff.

Terry Flanagan, St. Louis, Joan M. Burger, St. Louis, for defendant Rawlins.

1. We have seen an increasing use of this form of orders by the trial courts. We do not recommend it. When a motion is before the court it should rule on the motion and not indicate a conditional intention to rule in the future.

Prohibition is an extraordinary remedy to prevent the exercise of extra-jurisdictional power, it is not a writ of right and should not be employed for correction of alleged or *anticipated* judicial errors, and does not lie for grievances which may be adequately redressed in the ordinary course of judicial proceedings. *Knisley v. State,* 448 S.W.2d 890, 892 (Mo.1970).

*State ex rel. Lucas v. Moss,* 498 S.W.2d 289 (Mo. banc 1973) is the only writ proceeding cited to us by the state in which an appellate court interfered with a trial court's evidentiary ruling excluding evidence. In *Lucas,* the trial court did not believe it could admit evidence of a videotaped deposition. The Supreme Court in making the preliminary writ absolute stated:

> The proposed action by the trial court was not an exercise of that court's discretion with respect to the admissibility of evidence in the *ordinary sense* but rather a refusal to entertain the question of the admissibility of the videotape and was premised on the belief that the existing statute and court rules forbade the use of videotape at deposition as a matter of law. The court considers this matter to be one where the public interest in the prompt administration of justice demands a determination of the question .... (emphasis added).

■ It is conceded the trial court had subject matter and personal jurisdiction in this cause, and has not exceeded its jurisdiction by entertaining a motion in limine. The trial court's ruling on this issue involves the admissibility of evidence in the "ordinary sense" and is a ruling which a trial court must make numerous times in the trial of a cause. The orderly trial process would be severely disrupted if we establish a pattern of interfering in evidentiary rulings by the trial courts. In these circumstances a writ of prohibition is not appropriate.

Moreover, a motion *in limine* is:

2. A writ of prohibition may be the appropriate remedy for the state in some circumstances when the state does not have a right of appeal.

nothing more or less than a highfalutin motion to suppress designated testimony or evidence. However, sustension of such a motion does not per se work as a permanent damnation of the evidence sought to be suppressed. Neither does sustension prevent the trial court from later changing its mind. The pretrial ruling is interlocutory only. *Additional information or trial-produced evidence may prompt the trial court to alter its pretrial ruling by admitting the previously objected-to testimony.*

*State v. Riggs,* 586 S.W.2d 447, 449 (Mo. App.1979). (emphasis added).

Here, the trial court's ruling is interlocutory only. The state thus complains of anticipated error and our ruling on the merits would constitute an advisory opinion only. The trial should proceed and the state should present its evidence. The trial court will then have an opportunity to determine the admissibility of the telephone conversations in their proper context.

■ If the court improperly admits the evidence and Rawlins is convicted, the defendant has a remedy of appeal. The state argues that if the trial court improperly excludes the evidence it cannot prove its case, and the state has no right of appeal. The error cannot be redressed in the ordinary course of judicial proceedings, therefore, the state asserts prohibition is the appropriate remedy.[2]

Section 547.210 RSMo.1978 and Supreme Court Rule 30.02 provide that the state may only appeal in certain limited circumstances, not applicable here. To grant the state relief in this case would be to circumvent this established and time-honored rule of law in Missouri which has served us well through the years.

The preliminary order in prohibition, heretofore issued, is quashed.

STEWART, C.J., concurs.

DOWD, J., dissents in separate opinion.

*See, State ex rel. Westfall v. Campbell,* 637 S.W.2d 94 (Mo.App.1982); *State ex rel. Martin v. Berrey,* 560 S.W.2d 54, 59 (Mo.App.1977).

DOWD, Judge, dissenting.

I respectfully dissent. The case at bar presents a peculiar set of facts wherein the denial of this writ of prohibition will amount to a discharge of the defendant without the benefit of a full and proper adjudication. The defendant in this case filed a motion in limine requesting the court to order the prosecuting attorney not to present testimony concerning certain telephone conversations held the morning of the attempted stealing. More specifically, on September 18, 1981 between 10:00 a.m. and 12:15 p.m. Mrs. Olive Eckstein received several phone calls from a man identifying himself as "Mr. Todd", the head auditor at her bank. Mr. Todd informed her he was investigating theft by tellers and that he wanted her to withdraw $6,320.00 in bills of large denominations in order to help in the investigation. She was also told that she should tell no one of his call. After the third call Mrs. Eckstein contacted the Kirkwood police. A Detective Morrison was sent to her home and listened to the remaining calls. During the last call Mrs. Eckstein was informed that someone by the name of "Cavanaugh" would be coming to pick up the money. At this point the door bell rang and the man at the door identified himself as "Cavanaugh" and that "Mr. Todd" had sent him. As "Cavanaugh" attempted to gain entrance into the home he was arrested by Detective Morrison. Mrs. Eckstein then saw a red car pull away from the front of the house. The driver was later identified as Gary James Rawlins the defendant in this case.

In filing his motion in limine defendant contended testimony concerning the phone conversations was inadmissible because it constituted hearsay. The state contended that the testimony complained of was relevant and admissible, not to prove the truth or falsity of the caller's representations, but rather to show that the representations were in fact made and formed the basis for subsequent actions on the part of the victim. The Honorable George R. Gerhard then entered an order that he would sustain the aforementioned motion in limine.

The majority opinion concedes the state makes a persuasive case that these conversations are admissible. In a case that is on all fours with the case before us, the Western District of this court in *State v. Herington,* 520 S.W.2d 697 (Mo.App.1975) in an almost identical fact situation held that testimony of a victim in which he related the representations he received by telephone from a phony bank officer was relevant and admissible in prosecution.

I agree with the majority that ordinarily prohibition should not be used to determine the admissibility of evidence. However, the issue in this case is whether this court can permit a totally erroneous ruling clearly in excess of its jurisdiction to prevent the state from making a submissible case. *See State ex rel. Gleason v. Rickhoff,* 541 S.W.2d 47, 50 (Mo.App.1976). Again, the direct holding in *State v. Herington, supra* demonstrates the ruling here is clearly in excess of jurisdiction and therefore subject to a writ of prohibition.

It is true that the trial court's action was discretionary and prohibition does not normally issue to review discretionary rulings unless they amount to an abuse of discretion so great as to be an act in excess of jurisdiction and are such as to create injury irremedial on appeal. *Jones v. Corcoran,* 625 S.W.2d 173 (Mo.App.1981); *Allen v. Yeaman,* 440 S.W.2d 138 (Mo.App.1969). The state seeks to meet this standard by demonstrating that the sustention of the motion in limine would render its case not submissible and that the state has no remedy on appeal.

The principal opinion relies heavily on the general rule that prohibition is not a writ of right and should not be employed for correction of alleged or anticipated judicial errors and does not lie for grievances which may be adequately redressed in the ordinary sense of judicial proceedings. *Kinsley v. State,* 448 S.W.2d 890, 892 (Mo.1970). However, it also recognizes the fact that the grievance in this case may not be adequately redressed on appeal. Moreover, this is not an "anticipated judicial error" but one which is clearly erroneous and one

which Judge Gerhard has already stated in a written order that he intends to sustain.

Relying on *Lucas v. Moss*, 498 S.W.2d 289 (Mo. banc 1973) the principal opinion stresses the fact that this issue involves the admissibility of evidence in the "ordinary sense" and as such we should not set a pattern of interfering in evidentiary rulings by the trial court. Despite the distinction enumerated in *Lucas* I believe that the evidentiary ruling there is comparable to that of the case at bar. In *Lucas* the ruling involved the interpretation of an evidentiary matter subject to a Supreme Court rule. This case involves the interpretation of an evidentiary matter subject to the ordinary rules of evidence. Both of these rulings can be characterized as rulings on the admissibility of evidence in the ordinary sense.

Defendant also contends that the state has an adequate remedy if it disagrees with Judge Gerhard's ruling in that it could nolle prosse the charge and later bring the case in another division. Defendant's suggestion is not well taken as I do not endorse "judge shopping" and do not believe it would change the end result.

The majority maintains that § 547.210 RSMo 1978 and Supreme Court Rule 30.02 provide that the state may appeal in limited circumstances and to grant the state the relief it seeks here would be to circumvent this "established and time-honored rule of law in Missouri which has served us well through the years." Clearly this expresses a fear of a disruption of the orderly trial process and of opening the floodgates for petitions to this court for such relief. Granting the state relief in this case would not circumvent this rule but augment it to encompass a situation which needs to be addressed and remedied.

I would use prohibition here to prevent a totally erroneous holding by a trial court to cause a discharge of the defendant without the proper adjudication. A narrow construction of the principal opinion in this case to hold prohibition appropriate in situations where the state would be precluded from making a submissible case would better serve these peculiar facts. Cases should be examined individually and rules should be applied with some flexibility to meet the particular facts of each case. Accordingly, I would make the preliminary rule in prohibition absolute.