**James M. INHOFE, Petitioner,**

**v.**

**The Honorable Jane P. WISEMAN, District Judge for the Fourteenth Judicial District, Tulsa County, Oklahoma, and Perry D. Inhofe, Respondents.**

No. 71385.

Supreme Court of Oklahoma.

March 14, 1989.

As Corrected April 25, 1989.

Doerner, Stuart, Saunders, Daniel & Anderson, Sam P. Daniel, Jr., Richard P. Hix, Tom Q. Ferguson, Tulsa, for petitioner.

Gibbon, Gladd & Associates, P.A., Richard D. Gibbon, Christopher R. Parks, Tulsa, for respondent.

KAUGER, Justice.

In this case of first impression, the petitioner, James M. Inhofe, urges us to assume original jurisdiction and to issue a writ of prohibition to prevent his deposition from being taken by videotape. In the alternative, he seeks a writ of mandamus requiring the trial court to issue a protective order limiting dissemination of the deposition. The dispositive issues are whether the trial court abused its discretion in granting the motion to take the petitioner's deposition by video or by its refusal to issue a protective order. We find that the trial court did not abuse its discretion in granting the motion to take the video deposition but that it should have issued a protective order.

On May 13, 1988, the petitioner filed a petition in Tulsa County District Court against his brother, Perry D. Inhofe, Jr., and a dissolved corporation, Mid–Continent Industries, Inc. alleging breach of a fiduciary relationship. On June 17, 1988, Perry Inhofe served notice on the petitioner. The notice did not mention that the deposition would be videotaped, and the parties had not stipulated that the deposition could be taken by other than stenographic means as provided by 12 O.S.Supp.1986 § 3207(C)(4).[1] On July 15, 1988, when the petitioner appeared for the deposition, he learned, for the first time, that his deposition would be both videotaped and stenographically recorded. Because the petitioner objected to the taping, he terminated the deposition.

Later the same day, the parties sought to have the problem settled by the trial court. The brother moved to compel discovery, and the petitioner objected, asserting that he had not agreed to a video deposition and that it had not been ordered by the court. After the trial court denied the motion to compel discovery, the brother, by oral motion, sought to take the deposition by video. The petitioner objected, arguing that § 3207(C)(4) required the motion to be in writing. He requested that he be allowed to present evidence and to submit briefs.

1. Title 12 O.S Supp.1986 § 3207(C)(4) provides: "C. ... 4. The parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the deposition is recorded by other than stenographic means, the party taking the deposition shall upon request by any party or the witness furnish a copy of the deposition to the witness. The party taking the deposition may furnish either a stenographic copy of the deposition or a copy of the deposition as recorded by other than stenographic means.

Any objections under subsection D of this section, any changes made by the witness, the signature of the witness identifying the deposition as his own or the statement of the officer that is required if the witness does not sign, as provided in subsection F of this section, and the certification of the officer required by subsection G of this section shall be set forth in a writing to accompany a deposition recorded by nonstenographic means."

The trial court granted the motion for the video deposition, and it denied the petitioner's briefing request. The petitioner asked for a protective order prohibiting his brother from disseminating his video deposition to the press. He alleged that because he had filed for re-election, the videotape could be politically embarrassing. The motion was denied, and the petitioner has requested that we assume original jurisdiction and issue the proper writ.

## I.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GRANTING THE MOTION TO TAKE THE VIDEO DEPOSITION.

■ The extraordinary relief of a writ of mandamus or of prohibition is available under proper circumstances either to order or to prohibit the production of evidence prior to trial. However, before appropriate relief may be granted, it must be shown that the trial court exceeded either its authority or its discretion in ordering or denying pretrial discovery.[2]

### A.

■ The petitioner alleges that his brother is abusing the discovery process to destroy his political career, and that he should have been permitted to have a full hearing on the issue of the video deposition. He also asserts that because his brother's motion was not in writing, it did not comply with 12 O.S.Supp.1984 Ch. 2, App. Rule 4,[3] and that he is entitled to file a brief under this rule. However, a motion made during a hearing is not required to be in writing pursuant to 12 O.S.Supp.1984 § 2007.[4] We are not persuaded by this facet of the petitioner's argument. The trial court asked to hear evidence from the petitioner concerning the video deposition, and it allowed him to present his reservations and concerns about submitting to a video deposition. We find that the trial court did not abuse its discretion in not allowing briefs on this issue.

### B.

The petitioner contends that his brother must show some need for videotaping beyond a mere preference or desire. Generally, the cases allowing video depositions have involved a key witness who was, or who was likely to be, unavailable for trial, or to permit the witness to reconstruct an accident. Besides use at trial, depositions have discovery value because they record a description of the event which cannot be made by a mere stenographic deposition.[5] Here, the brother stated that he intended to show the videotape to the investigators, who he had hired to aid him in this case, because they would not be allowed to be present at the actual taking of the deposition.[6]

---

2. *Ellison v. Gray*, 702 P.2d 360, 362–63 (Okla. 1985); *Cowen v. Hughes*, 509 P.2d 461, 464 (Okla.1973); *Carman v. Fishel*, 418 P.2d 963, 968 (Okla.1966).

3. Title 12 O.S.Supp.1984 Ch. 2, App. Rule 4 provides in pertinent part:
"... c. ... Every motion shall be accompanied by a concise brief or a list of authorities upon which movant relies....
e. Any party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days of the service of the motion, or the motion shall be deemed confessed...."

4. Title 12 O.S.Supp.1984 § 2007(B)(1) provides:
"B. ... 1. An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

5. *Rice's Toyota World Inc. v. S.E. Toyota Distrib., Inc.*, 114 F.R.D. 647, 650 (M.D.N.C.1987); *Roberts v. Homelite Div.*, 109 F.R.D. 664, 667 (N.D. Ind.1986); *United States v. Trucis*, 89 F.R.D. 671, 674 (E.D.Penn.1981); *Farahmand v. Local Properties, Inc.*, 88 F.R.D. 80, 83–4 (N.D.Ga. 1980); *Carson v. Burlington N., Inc.*, 52 F.R.D. 492–93 (D.Neb.1971).

6. Title 12 O.S.Supp.1982 § 3203(C) provides in pertinent part:
"C. PROTECTIVE ORDERS. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or on matters relating to a deposition, the district court in the county where the deposition is to be taken may enter any order which justice

The traditional method of recording testimony is by the use of a court reporter.[7] However, since the adoption of 12 O.S. Supp.1986 § 3207(C)(4), in 1986, the parties may either stipulate in writing or the court may, upon motion, order a deposition to be recorded by other than stenographic means.[8] The utilization of videotape is nothing more than an updated visual version of preserving testimony.[9]

Although we have not decided this question, other jurisdictions have permitted the videotaping of depositions[10] and, in the State of Ohio, an entire trial was pretaped and presented to the jury by the use of videotape. Apparently, videotaping of trial proceedings have been utilized successfully when a competent court reporter was unavailable.[11] In the area of criminal law, videotape recordings of a defendant's statement to the police, as well as videotapes of a lineup, have been shown to a jury.[12]

■ The language of § 3207(C)(4) contains language which allows depositions to be recorded by other than stenographic means. Any timidity by this Court to acknowledge the viability of new technology would frustrate the efficient and economic administration of justice.[13] Nevertheless, courts in applying the Federal Rules of Discovery, of which our rules have been taken practically verbatim, have agreed that the objection of a party to a video deposition is cause for the trial court to scrutinize the proposal. The expressed concern is not only for accuracy and trustworthiness of the depositions, but also to prevent prejudicing the opposing party's interests.[14] We are not persuaded that video depositions must be restricted to impor-

requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: ...
  4. That certain matters not be inquired into, or that the scope of the discovery be conducted with no one present except persons designated by the court; ..."
See also, Graham v. Dist. Court, 548 P.2d 1010, 1013 (Okla.1976).

7. Rubino v. G.D. Searle & Co., 73 Misc.2d 447, 340 N.Y.S.2d 574, 576 (1973).

8. Title 12 O.S Supp.1986 § 3207(C)(4) provides:
"C. ... 4. The parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the deposition is recorded by other than stenographic means, the party taking the deposition shall upon request by any party or the witness furnish a copy of the deposition to the witness. The party taking the deposition may furnish either a stenographic copy of the deposition or a copy of the deposition as recorded by other than stenographic means.
  Any objections under subsection D of this section, any changes made by the witness, the signature of the witness identifying the deposition as his own or the statement of the officer that is required if the witness does not sign, as provided in subsection F of this section, and the certification of the officer required by subsection G of this section shall be set forth in a writing to accompany a deposition recorded by nonstenographic means."

9. State v. Moss, 498 S.W.2d 289, 291, 66 A.L.R. 3d 630, 634 (Mo.1973).

10. State ex rel. Bennett v. Keadle, 334 S.E.2d 643, 646 (W.Va.1985); King v. Westlake, 264 Ark. 555, 572 S.W.2d 841, 843 (1978); State v. Moss, see note 9, supra; State ex rel. Johnson v. Circuit Court, 61 Wis.2d 1, 212 N.W.2d 1–2 (1972); DuBois v. Ray, 177 Ga.App. 349, 339 S.E.2d 605, 607 (1985); Mills v. Dortch, 142 N.J.Super. 410, 361 A.2d 606, 609 (1976); Rubino v. G.D. Searle & Co., see note 7, supra. See also Annot., "Use of Videotape to take Deposition for Presentation at Civil Trial in State Court," 66 A.L.R.3d 637 (1975); Annot., "Recording of Testimony at Deposition by other than Stenographic Means under Rule 30(b)(4) of Federal Rules of Civil Procedure", 16 A.L. R.Fed 969 (1973).

11. See, Boudreaux, "Is it Time for Texas to Amend Rule 215c to Adopt Guidelines for Taking Videotape Depositions," 24 S.Tex.L.J. 225–26 (1983); McCooe, "Implementing the Videotape Deposition in New York," 19 N.Y.L.F. 851 (1974).

12. Hendricks v. Swenson, 456 F.2d 503, 505 (8th Cir.1972); People v. Heading, 39 Mich.App. 126, 197 N.W.2d 325, 328–29 (1972); State v. Newman, 4 Wash.App. 588, 484 P.2d 473, 477 (1971).

13. See Kornblum, "Videotape in Civil Cases," 24 Hastings L.J. 9 (1972); Miller, "Videotaping the Oral Deposition," 18 Prac.Law. 45 (1972).

14. Colonial Times, Inc. v. Gasch, 509 F.2d 517, 521 (D.C.Cir.1975).

tant witnesses who may be unavailable or to some other special circumstance. We find that the trial court did not abuse its discretion in allowing the motion to take the videotape deposition.

## II.

### THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR A PROTECTIVE ORDER.

■ The petitioner contends that he is entitled to a protective order because his brother will abuse the discovery process by giving the videotape to the press. Pretrial depositions are not public parts of a civil trial. They were not open to the public at common law and, in general, they are conducted in private as a matter of modern practice.[17] Much of the information surfacing during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Traditionally, discovered information, not yet admitted, is not a public source of information.[18] Unless otherwise ordered by the court, depositions are sealed until admitted into evidence.[19]

In *Rhinehart v. Seattle Times Co.*, 98 Wash.2d 226, 654 P.2d 673, 681 (1982), aff'd, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed. 2d 17 (1983), the Washington Supreme Court addressed these concerns. The *Rhinehart* Court found that parties utilizing the processes of discovery have acquainted themselves with the applicable rules, and that the attorneys are aware that it is professionally improper to exploit the fruits of discovery by using them for other than authorized purposes. Neverthe-

less, it issued the protective order because the defendants were seeking to discover a list of the donors and financial affairs of a religious sect and the court found that privacy rights of these non-parties should be protected. The Code of Professional Responsibility, 5 O.S.Supp.1986 Ch. 1, App. 3–A Rule 3.6, precludes counsel from commenting on litigation unless the information is contained in a public record.[20] An attorney cannot make or assist another person in making an extrajudicial statement if the attorney knows or reasonably should know that the statement would materially prejudice an adjudicative proceeding. Attorneys who violate the Code subject themselves to professional discipline.

We find *Rhinehart* to be controlling. Although attorneys are subject to discipline for extrajudicial public dissemination of depositions, others involved in the process are not. Because of the nature of a video deposition, we are aware that the potential for abuse is greater than for a deposition taken by stenographic means.

Here, the potential for prejudice is especially acute. Non-contextual, non-sequential film clips and sound bytes could be particularly devastating, not only to the specific pending litigation, but also to the electoral process in general. If this happens, the petitioner, a public figure, is without recourse. Under the principle outlined in *New York Times v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686, 706, 95 A.L.R.2d 1412, 1435 (1964), a public figure cannot recover damages for defamation in the absence of proof of actual malice. The standard of actual malice

17. *Gannett Co. v. DePasquale*, 443 U.S. 368, 389, 99 S.Ct. 2898, 2910, 61 L.Ed.2d 608, 627 (1979). See also Marcus, "Myth and Reality in Protective Order Litigation," 69 Cornell L.Rev. 1, 12–3 (1983).

18. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 2207–08, 81 L.Ed.2d 17, 27 (1984).

19. Title 12 O.S.Supp.1986 § 3207(G), see note 15, supra.

20. Title 5 O.S.Supp.1988 Ch. 1, App. 3–A, Rule 3.6, provides in pertinent part:

"(a) A lawyer shall not make, participate in making, counsel or assist another person to make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding, including an administrative proceeding....

(d) Notwithstanding paragraphs (a) and (b)(1–5) and (c), a lawyer involved in the investigation or litigation of a matter may state without elaboration: ...

(2) the information contained in a public record; ..."

standard would require the petitioner to prove that the press had acted with a *high degree* of awareness of probable falsity.[21] To prevent this type of possible malignment, and to prevent this case from being tried in the press, a protective order should be issued.[22]

ORIGINAL JURISDICTION ASSUMED; WRIT OF PROHIBITION DENIED; WRIT OF MANDAMUS GRANTED.

HODGES, LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in the Court's assumption of jurisdiction and in its disposition of this original proceeding.

SIMMS, J., not voting.

HARGRAVE, C.J., dissents.

---

**21.** *Miskovsky v. Okla. Publishing Co.,* 654 P.2d 587, 596 (Okla.1982), cert. denied, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982); reh'g denied, 459 U.S. 1059, 103 S.Ct. 479, 74 L.Ed.2d 625 (1982).

**22.** See, *In re San Juan Star Co.,* 662 F.2d 108, 117 (1st Cir.1981); *Tavoulareas v. Piro,* 93 F.R.D. 24, 33–5 (D.C.D.C.1981); Annot., Restriction on Dissemination of Information obtained through Pretrial Discovery Proceedings as Violating Federal Constitution's First Amendment—Federal Cases, 81 A.L.R.Fed. 471 (1987).