ELZA WEINBERGER, Plaintiff, *v.* S. A. EMPRESA DE VIACAO AIREA RIO GRANDENSE (S. A. VARIG) et al., Defendants.

Supreme Court, Special Term, New York County, March 9, 1966.

*Speiser, Shumate, Geoghan & Law* (*Frederick C. Stern* of counsel), for plaintiff. *Theodore E. Wolcott* for Livia Varkonyi and others, plaintiffs. *Mendes & Mount* for Boeing Company, defendant. *Condon & Forsyth* (*John H. Montgomery, Jr.,* and *William C. Clarke* of counsel), for S. A. Varig, defendant.

IRVING L. LEVEY, J. Motions numbered 68 and 76 are consolidated herein. They are similar motions by defendants to dismiss the action without prejudice to their prosecutions in a proper forum, on the ground that the public policy of the State of New York, embraced in the doctrine of *forum non conveniens,* requires the court to decline to accept jurisdiction. Defendant S. A. Varig urges as additional ground of dismissal that to require it to defend the action in New York would constitute an unreasonable burden upon foreign commerce, in violation of section 8 of article I of the United States Constitution.

The action is one for wrongful death, arising out of a plane crash in Peru on November 27, 1962, where all aboard, including plaintiff's decedent, perished.

The plane was a Boeing 707 jet aircraft, allegedly manufactured by defendant Boeing in the State of Washington, and operated by defendant S. A. Varig.

Plaintiff and the decedent were foreign nationals from Hungary. The contract of transportation between S. A. Varig and plaintiff's decedent was made, and was to be performed, wholly outside the State of New York.

Our courts do accept jurisdiction of foreign-based tort actions brought by nonresidents against foreign corporations where the nonresident plaintiff demonstrates the existence of special

circumstances which, in the interests of justice, require the maintenance of the action here.

In the court's opinion there are such special circumstances which warrant the retention of jurisdiction here.

S. A. Varig, a Brazilian corporation having its principal place of business in Brazil, does business in this jurisdiction. The accident occurred in Peru. The defendant Boeing Company, a Delaware corporation, is the manufacturer of the plane, with its principal place of business in the State of Washington. Both the manufacturer and the airline, in separate motions herein, claim that it will be an unbearable burden upon their businesses to defend this action in New York. S. A. Varig does not show that it operates in Delaware or the State of Washington. There is, consequently, no jurisdiction within the United States wherein plaintiff could sue both defendants together and have jurisdiction over both of them as a matter of right.

The doctrine of *forum non conveniens* presupposes the existence of a second, more convenient forum. The court, however, is not persuaded that a second, more convenient forum is available for this suit against all defendants. A trial in Peru against S. A. Varig would put plaintiff at a serious disadvantage to pursue one cause of action in South America and the other in North America.

It is vital, in the trial of a complex action of this kind, in order to have all of the facts and all of the issues brought before the court, to have all possible defendants present. Otherwise each defendant may point to the other as being responsible for the accident; and the plaintiff, a widow residing in Europe, with limited means, would have the burden of pursuing her proof against one defendant in North America and against the other defendant in South America. Employees of one defendant who might be essential as witnesses in the trial against the other defendant would be beyond the process of the court trying each action. Proof of the issue of manufacturer's liability may be inseparably connected with proof on the issue of faulty operation and maintenance.

Any claim by defendants of inconvenience of suit herein must be considered in light of the fact that S. A. Varig planes regularly fly into New York. Boeing is one of the world's largest producers of transport-type aircraft and maintains a world-wide service organization and a large staff of employees devoted to the investigation of accidents involving its aircraft.

It appears that there are other actions pending in the City of New York, in the Federal court, and in this court, predicated upon the same plane crash, against said defendants.

There have been extensive discovery proceedings in the Federal court actions, in which thousands of pages of technical data, documents, manuals and reports have been produced, and were and are being examined, and in which the extensive depositions of five witnesses, employees of Varig and Boeing, have been taken in the City of New York, with more being scheduled. It has been agreed by and between the attorneys for the parties hereto, who are the same attorneys in all of the actions, both State and Federal, that preparation and discovery, including depositions and examinations before trial, were to be consolidated in order to save time and expense to the parties and to the court.

It cannot be held that the suit against S. A. Varig in this jurisdiction is an unconstitutional burden on foreign commerce, in view of the systematic and extensive nature of S. A. Varig's activities in this jurisdiction. Accordingly, the motions are denied.