■ LIVIA VARKONYI, Individually and as Parent of LASZLO VARKONYI and Another, Infants, Respondent, v. S. A. EMPRESA DE VIACAO AIREA RIO GRANDENSE (VARIG) et al., Appellants. NANCY M. FAULKNER et al., as Administrators of the Estate of EDWARD B. FAULKNER, Deceased, et al., Respondents, v. S. A. EMPRESA DE VIACAO AIREA RIO GRANDENSE (VARIG) et al., Appellants. CHRISTINA ALVAREZ, Individually and as Parent and Guardian of CARLOS G. ALVAREZ and Others, Infants, et al., Respondents, v. S. A. EMPRESA DE VIACAO AIREA RIO GRANDENSE (VARIG) et al., Appellants.—Order entered on March 25, 1966, denying motion to dismiss the complaint on the ground of *forum non conveniens,* reversed, on the law, on the facts and in the exercise of discretion, without costs or disbursements, motion granted and complaint dismissed, on condition that within 10 days after the entry of the order hereon, defendants-appellants stipulate that they will not plead the Statute of Limitations as a defense but will waive such defense in any actions commenced by plaintiffs in a proper jurisdiction provided that the respective plaintiffs commence any such action within 90 days after the entry of the order hereon. In the event of appellants' failure to comply with the foregoing condition, the order is affirmed, without costs or disbursements. Plaintiffs in these three actions are next of kin, or representatives of the estates of three individuals who died in a crash of a plane near Lima, Peru on November 27, 1962. It is alleged that the aircraft had been designed and manufactured by appellant, Boeing, and was owned and operated by appellant, Varig, a Brazilian corporation. The three decedents resided in Hungary, England and Mexico, respectively, and no part of their air transportation was to have been in or over this State. None of the individual plaintiffs is a resident of this State. They reside variously in Florida, Minnesota, Budapest, Hungary, and Lancashire, England. Appellant, Boeing, is a Delaware corporation. The sole basis for the presence of the parties in a court of this State is that appellants are authorized to do business herein. The third defendant, Varig Airlines, Inc., (not an appellant herein) is a New York subsidiary of the Brazilian corporation. Its legal responsibility, if any, for the accident is unclear from the record before us. Its inclusion as a party defendant undoubtedly was to fortify the acts of the several plaintiffs in selecting this State as a forum. We have recently written that "It is the general policy of the courts of this State, in the absence of special circumstances, to reject actions between non-residents founded on tort, where the cause of action arises outside the State." (*Aetna Ins. Co.* v. *Creole Petroleum Corp.,* 26 A D 2d 518; see, also, *Gilchrist* v. *Trans-Canada Air Lines,* 26 A D 2d 524.) We find no such circumstances here that should impel the courts of this State to accept jurisdiction of these actions. It is significant that heretofore the plaintiffs in the three actions commenced identical actions for wrongful death in alternative forums. The sole reasons for the institution of the New York actions appear to be that both defendants may be joined therein and that it will suit the convenience of plaintiffs and their counsel. But "it is the 'convenience' of the court, and not that of the parties, which is the primary consideration". (*Bata* v. *Bata,* 304 N. Y. 51, 56). Pertinent is the observation made in *Pietraroia* v. *New Jersey & Hudson Riv. Ry. & Ferry Co.,* 197 N. Y. 434, 439: "As a question of policy, it is intolerable that our courts should be impeded in their administration of justice, and that the people of the state should be burdened with expense, in redressing wrongs committed in another state, for the benefit, solely, of its citizens". Although defendants at one time by letter gave notice of

intention to move to dismiss, subsequent action and delay on their part, plus the agreement with reference to the use of the discovery proceedings in the companion cases pending in Federal court, may well have lulled plaintiffs into a false sense of security, and thus the Statute of Limitations in other jurisdictions has run. Therefore, in the interests of justice, we make the dismissal conditional on the terms set forth. Concur — Steuer, J. P., Tilzer, McNally and Bastow, JJ.; Capozzoli, J., dissents and votes to affirm on the opinion [cf. *Weinberger* v. S. A. Varig, 52 Misc 2d 357] of Special Term. Settle order on notice.