JOYCE BICHLER, an Infant, by Her Father and Natural Guardian MAX BICHLER, et al., Respondents, v ELI LILLY AND Co., Appellant, et al., Defendants.

First Department, December 11, 1975

*Russel H. Beatie, Jr.,* of counsel *(Steven C. Kany* and *William L. Warren* with him on the brief; *Dewey, Ballantine, Bushby, Palmer & Wood,* attorneys), for appellant.

*Alfred S. Julien* of counsel *(David Jaroslawicz* with him on the brief; *Julien & Schlesinger, P. C.,* attorneys), for respondents.

*Per Curiam.* In this personal injury action the infant plaintiff claims that she was injured by Diethylstilbestrol ("DES"), a prescription drug manufactured by defendant-appellant, Eli Lilly and Co. Lilly defends on the ground that the drug was properly tested and was approved by the Federal Drug Administration. Doctor Don Carlos Hines was Lilly's monitor for the testing of DES during the period 1940–1950. He is now 71 years old, is retired from Lilly's employment, resides in California and claims to suffer from various allergies. He is said to be unable, or at least unwilling, to appear in New York for the trial of this action. It is claimed by Lilly that Dr. Hines is the sole living witness who actually participated in and directed the 1940–1950 clinical experiments which led to the approval of DES by the Federal Drug Administration.

Special Term, while allowing a stenographic examination of Dr. Hines, denied appellant's motion to allow it to make a simultaneous video-tape recording thereof and likewise denied a subsequent application for use of the video tape in the instant case and in two other similar cases, *Newman v Eli Lilly & Co.* (US Dist Ct, ED NY) and *Bichler v Willing* (Sup Ct, Bronx County).

CPLR 3113 subd [b] requires that the deposition testimony be recorded. "Explicit permission to take the testimony by mechanical means was not considered necessary * * * because it is difficult to see how a party would be prejudiced by the use of such recording devices." (1957 Report, Advisory Committee on Practice and Procedure, § 34.12, subd [b], p 139.) Tape recordings were permitted in *Catapano v Shapiro* (6 AD2d 1054) and *Gotthelf v Hillcrest Lbr Co.* (280 App Div 668).

Electronic recording by audio tape is often used by the Federal courts. *(Colonial Times v Gasch,* 509 F2d 517; *Lucas v Curran* 62 FRD 336; *Carter v Bancroft & Sons, Co.* 360 F Supp 1103; *Jarosiewicz v Conlisk,* 60 FRD 121; *Marlboro Prods Corp. v North Amer Philips Corp.,* 55 FRD 487.)

The examination sought should be recorded faithfully, just as spoken by the witness. Video taping, the synchronization of a motion picture with a sound recording, is currently the most advanced electronic technique used for such purpose. It has been sanctioned where the procedure to be followed assures the accuracy and integrity of the record. *(Rubino v Searle & Co,* 73 Misc 2d 447; *United States v LaFatch,* 382 F Supp 630. See, also, *Colonial Times v Gasch, supra;* ABA Code of Judicial Conduct, Canon 3[A][7][a].) The American Bar Association, in 1969, adopted a Special Committee's report which included a recommendation that "the use of videotape as a means of presenting the testimony of physicians should be encouraged." (55 A.B.A.J. 374, 375.) Lilly should be permitted to make the requested video-tape recording, in addition to a stenographic transcription of Dr. Hines' deposition.

We do not pass upon the admissibility of the video-tape examination at the trial, for Lilly must satisfy the requirements of CPLR 3117 (subd [a], par 3) and, in addition thereto, a proper foundation must be laid for its admission into evidence. (See Miller, Videotaping the Oral Deposition, 18 Practical Lawyer, No. 2, pp. 45, 56–57.)

Nor do we perceive any possible prejudice to plaintiff from the simultaneous video taping of Dr. Hines' testimony in this and the other two above-mentioned cases. However, the use of the video tape in the other two cases is conditioned on either (1) the consent of counsel for all parties or (2) permission by the court having jurisdiction over the case. The three cases involve the same counsel on both sides, the same drug (DES), the same resultant illness and the same issues. CPLR 104 requires a liberal construction of procedural rules to secure the just, speedy and inexpensive determination of every civil judicial proceeding. This policy should be implemented when two or more actions pending in different courts involve similar issues. (See *Weinberger v S. A. Varig,* 52 Misc 2d 357, revd on other grounds *sub nom Varkonyi v Varig* 27 AD2d 731; *General Aniline & Film Corp. v Photo-Marker Corp.,* 28 AD2d 990.)

The order entered in the Supreme Court, Bronx County

(CALLAHAN, J.) on August 8, 1975 denying defendant-appellant's motion to renew its motion to preserve the deposition of a witness on video tape and to depose the witness simultaneously in this case and two other similar cases, should be reversed on the law and the facts and in the exercise of discretion and the motion granted, without costs or disbursements.

The appeal from the order of April 29, 1975 should be dismissed as moot, without costs.

Settle order.

STEVENS, P. J., LUPIANO, TILZER, CAPOZZOLI and NUNEZ, JJ., concur.

Order, Supreme Court, Bronx County, entered on August 8, 1975, denying defendant-appellant's motion to renew its motion to preserve the deposition of a witness on video tape and to depose the witness simultaneously in this case and two other similar cases, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion granted, without costs and without disbursements.

Appeal from order, Supreme Court, Bronx County entered on April 29, 1975, unanimously dismissed as moot, without costs and without disbursements.

Settle order on notice.