Alexander Chananau, J.
This motion to perpetuate testimony is disposed of as follows:
Pursuant to an order to show cause, dated March 24, 1977, a hearing was held to determine if the People’s motion to conditionally record the testimony of one Juan Menamirn, the complaining witness, on Indictment No. 2616/75, should be granted. The court having rendered its decision from the bench, the following constitutes the reasons for that decision.
It is alleged by the People that on or about August 4, 1975, the defendant, Noris Winborne, attempted, at knife point to steal a sum of money from Juan Menamirn. This charge is the subject of Indictment No. 2616/75, to which the defendant has pied not guilty; that at a future trial of this indictment, the People intend to call as a witness Juan Menamirn, who will testify as to acts allegedly perpetrated on him by this defendant; that said Juan Menamirn has enlisted in the United States Army for a term of three years, and is due to commence active service at Fort Sill, Oklahoma, on March 29, 1977 and that as a result thereof there exists the possibility that this most important witness will be unavailable to the People on the date of any trial. Accordingly, because of this possible absence by the complaining witness, the People have moved to perpetuate his testimony by means of the video tape *72 facilities, which are readily available through the office of the Bronx District Attorney’s office.
As motions to conditionally examine witnesses and to perpetuate testimony are routinely granted and used pursuant to CPL articles 660 and 670, the only thing novel about this request is that it be done by video tape.
The defense counsel objects to this proceeding on the grounds that the defendant’s constitutional rights would be violated and that at present there exists no statutory authority authorizing video tape recordings and that 22 NYCRR 605.2 prohibits it.
It must first be pointed out that although the CPL does not specifically authorize taking testimony in this fashion, neither does it prohibit it. In fact, the taking of such conditional testimony has previously been authorized in this court by Judge Aarons in People v Aponte (NYLJ, Sept. 2, 1976, p 7, col 1).
After discussing many of the State and Federal authorities supporting the use of this and other types of audio recordings to perserve the testimony of witnesses, Judge Aarons concluded that "the use of video tape is a more efficient means of reproducing testimony before the triers of the fact than a reading of a stenographic transcript. A video tape preserves a permanent viewable record of all confrontations. It enables the triers of the facts to observe the demeanor of the deponent while testifying under direct and cross examination.
"Therefore, if video tape recording is properly authenticated and the requirements for allowing such testimony in evidence upon trial are met, there should be no good reason or justification for excluding the recording. There certainly can be no claim of violation of the Sixth Amendment concerning confrontation.
"There are many State and Federal authorities supporting electronic recording by audio tape (Colonial Times v. Gasch, 509 F. 2d 517; Lucas v. Curran, 62 F.R.D. 336; Jarosiewicz v. Conlick, 60 F.R.D. 121; Carter v. Bancroft, 360 F. Supp. 1103). In the recent case of State v. Hewitt, 18 Cr L 2520 (2/11/76), a criminal case involving the charge of robbery, the Washington Supreme Court approved the use of a videotape recording of a deposition taken of the victim, a sailor, who was about to ship out to the Far East.”
In a recent decision, Bichler v Lilly & Co. (50 AD2d 90) the *73 Appellate Division in this Department authorized the taking of a witness’ deposition by video taping. Although Bichler was a civil action, the language of the court, reversing a denial by Special Term, is particularly significant (pp 91, 92): "CPLR 3113 subd [b] requires that the deposition testimony be recorded. 'Explicit permission to take the testimony by mechanical means was not considered necessary * * * because it is difficult to see how a party would be prejudiced by the use of such recording devices.’ (1957 Report, Advisory Committee on Practice and Procedure, § 34.12, subd [b], p 139.) Tape recordings were permitted in Catapano v. Shapiro (6 AD 2d 1054) and Gotthelf v. Hillcrest Lbr. Co. (280 App Div 668). Electronic recording by audio tape is often used by the Federal courts. (Colonial Times v. Gasch, 509 F2d 517; Lucas v. Curran, 62 FRD 336; Carter v. Bancroft & Sons, Co., 360 F Supp 1103; Jarosiewicz v. Conlisk, 60 FRD 121; Marlboro Prods. Corp. v. North Amer. Philips Corp., 55 FRD 487.)
"The examination sought should be recorded faithfully, just as spoken by the witness. Video taping, the synchronization of a motion picture with a sound recording, is currently the most advanced electronic technique used for such purpose. It has been sanctioned where the procedure to be followed assures the accuracy and integrity of the record. (Rubina v. Searle & Co. 73 Misc 2d 447; United States v. LaFatch, 382 F Supp 630. See, also, Colonial Times v. Gasch, supra; ABA Code of Judicial Conduct, Canon 3 [A] [7] [a].) The American Bar Association, in 1969, adopted a Special Committee’s report which included a recommendation that 'the use of videotape as a means of presenting the testimony of physicians should be encouraged.’ (55 A.B.A.J. 374, 375.) Lilly should be permitted to make the requested video-tape recording, in addition to a stenographic transcription of Dr. Hines’ deposition”.
In addition to the cases cited by Judge Aarons, this court’s research reveals what is apparently a growing trend in the use and acceptability of this type evidence. This trend is evidenced by the annotation in 60 ALR3d 333, entitled Admissibility of Videotape Film in Evidence in Criminal Trial and the legislative proposals contained in an article in the Twenty-First Annual Report of the Judicial Conference of the State of New York, (1976, p 503) by Judge William P. McCooe entitled Proposals for Amendments to Article 31 of the CPLR Authorizing Videotape Depositions and Depositions of a Party’s Own Medical Expert.
*74 Clearly, in this court’s opinion, the use of this procedure is superior to a cold reading of a typewritten transcript and can only be beneficial to the interests of justice.
As to the defendant’s objections pursuant to 22 NYCRR 605.2, this court is of the opinion that this rule was never intended to cover the recording of testimony of this nature; but to require the permission of the Presiding Justice of the Appellate Division for courtroom and courthouse coverage by the mass media.
Therefore, it is the opinion of this court that the relief requested is reasonable and proper and will materially aid in the administration of justice in this case.
The motion is therefore granted subject to the District Attorney obtaining the permission of the Presiding Justice of the Appellate Division, First Judicial Department, as 22 NYCRR 605.2 is not totally clear on the subject, and it is further ordered that, in addition to any electronic recording of testimony in this case, such testimony shall be recorded in the conventional manner by an official court reporter and a stenographic transcript made.
It appearing that similar applications will become more frequent in the near future, it is respectfully suggested that the Appellate Division of this Department clarify the rule to eliminate any question of video tape recording of depositions in open court.