OPINION OF THE COURT
Alfred H. Kleiman, J.
The defendant, Miguel Lamberty, was indicted by the Bronx County Grand Jury on April 22, 1976, for the crimes of assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree.
The People moved, by order to show cause, returnable November 28, 1977, for an order pursuant to CPL article 660 to have a prospective eyewitness, to wit, a Mr. Thomas Soler, examined conditionally, "and on video tape” to perpetuate his testimony for trial. A hearing was held on December 8, 1977 to determine whether the People’s motion should be granted.
Based upon the People’s offer of proof, the court found there *637 is reasonable cause to believe that Mr. Soler was an eyewitness to the alleged incident which is the subject of the charges in this indictment and that he possesses information material to the instant action. The court further found that, pursuant to stipulated facts, the potential witness will be leaving New York to return to his home in Puerto Rico with the intent of becoming a permanent resident thereof, and has no present intent to return to New York State in the forseeable future.
CPL 660.20 provides as follows:
"An order directing examination of a witness conditionally must be based upon the ground that there is reasonable cause to believe that such witness:
"1. Possesses information material to the criminal action or proceeding in issue; and
"2. Will not be amenable or responsive to legal process or available as a witness at a time when his testimony will be sought, * * * because he is:
"(a) About to leave the state and not return for a substantial period of time”.
Accordingly, the People having satisfied the statutory requirements of CPL article 660, the court held that the People are entitled to an order for the conditional examination of Mr. Soler.
However, to the extent that the People asked that the testimony be perpetuated also by means of video tape, that application was denied. The court now sets forth its reasons for the decision rendered heretofore orally from the bench.
The People, during argument, cited two recent Supreme Court decisions by my colleague Justice Alexander Chananau and former Justice Morris J. Aarons to support their position that the testimony may be taken by means of video tape. The two decisions are respectively, People v Winborne (90 Misc 2d 71) and People v Aponte (NYLJ Sept. 2, 1976, p 7, col 1). Both decisions adopt the view that although the Criminal Procedure Law does not specifically authorize taking testimony by means of video tape, since it does not prohibit it, the application may be granted. This court must respectfully disagree. In my opinion the Criminal Procedure Law does not give the court discretion to take testimony by other than stenographic means.
CPL 660.60 provides as follows:
*638 "1. The examination proceeding must be conducted and recorded in the same manner as would be required were the witness testifying at a trial. The witness must testify under oath. The applicant party must first examine the witness and the respondent party may then cross-examine him, with each party entitled to register objections and to receive rulings of the court thereon.
"2. Upon conclusion of the examination, a transcript thereof must be certified and filed with the court which ordered the examination.” (Emphasis supplied.)
In New York, testimony of a witness in a criminal trial is taken only by stenographic means. Therefore, testimony perpetuated for trial must be taken only by stenographic means.
Winborne (supra) and Aponte (supra) concededly fail to cite any authority in New York for the preservation of testimony by video tape in criminal cases. After reviewing Federal and State cases from other jurisdictions Justice Chananau concluded that "the use of this procedure [i.e., electronic recordings, video tapes] is superior to a cold reading of a typewritten transcript and can only be beneficial to the interests of justice.” (People v Winborne, supra, p 74.) In Aponte (p 7, col 1, supra), Justice Aarons states: "It would appear that the use of videotape is a more efficient means of reproducing testimony before the triers of the fact than a reading of a stenographic transcript. A videotape preserves a permanent viewable record of all confrontations. It enables the triers of the facts to observe the demeanor of the deponent while testifying under direct and cross-examination.”
While I basically agree with the afore-mentioned conclusions, it does not necessarily follow that the Criminal Procedure Law can be broadly interpreted to incorporate more modern technological means. To my mind this is usurping the exclusive powers of the Legislature.
The decisions in the Federal cases cited in Winborne are based on the Federal Rules of Civil Procedure (rule 30, subd [b], par [4]) which provide as follows: "The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy.” (Emphasis supplied.)
The Federal district courts have therefore sanctioned the *639 use of electronic recording by audio tape at depositions in civil cases based upon the statutory authority of rule 30 (subd [b], par [4]) of the Federal Rules of Civil Procedure (Marlboro Prods. Corp. v North Amer. Philips Corp., 55 FRD 487; Jarosiewicz v Conlisk, 60 FRD 121; Rallen v Nexus Corp., 54 FRD 610; Colonial Times v Gasch, 509 F2d 517; Lucas v Curran, 62 FRD 336).
The Federal Rules of Criminal Procedure (rule 15, subd [d]) provide that depositions may be taken in any manner which meets the requirements of the Federal Rules of Civil Procedure. In the case of United States v La Fatch (382 F Supp 630), the court permitted the video taping of testimony in a criminal prosecution, where the defendant’s wife, a key defense witness, had suffered a heart attack and was unavailable to testify at trial. (Cf. Perry v Mohawk Rubber Co., 63 FRD 603, where the court denied recording of deposition by video tape.)
Although the Federal courts have specific statutory rules permitting the taking of depositions by other than stenographic means, the New York Legislature has not enacted such rules.
The notes of the Advisory Committee on the 1970 Amendment to Federal rule 30 (subd [b], par [4]) caution the courts by stating: "In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means — e.g., by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.” (Notes of Advisory Committee on 1970 Amendment to Rules, US Code, tit 28, Appendix, p 7787.)
In our sister States which have allowed video tapes into evidence in criminal cases, few of the cases involve testimony that has been perpetuated for trial purposes and used in lieu of an unavailable witness (see 70 ALR3d 333). Video tapes have mainly been utilized in the investigative phases of criminal prosecutions. Courts have accepted in evidence video tapes of crimes being committed (Williams v State, 461 SW2d 614 [Tex]), crime scenes (People v Mines, 132 Ill App 2d 628; State v Thurman, 84 NM 5; State v Johnson, 18 NC App 606), lineups (People v Heading, 39 Mich App 126; State v Newman, *640 4 Wash App 588), interrogations and confessions (Hendricks v Swenson, 456 F2d 503; Paramore v State, 229 So 2d 855 [Fla]; State v Lusk, 452 SW2d 219 [Mo]). Similarly such video tapes have been admitted as evidence in New York courts. (See People v Higgins, 89 Misc 2d 913.)
Research has disclosed only three criminal court cases in other jurisdictions which have permitted the use of video tapes to preserve testimony for trial. (People v Moran, 39 Cal App 3d 398; Hutchins v State, 286 So 2d 244 [Fla]; State v Hewett, 86 Wn 2d 487.) In two of the afore-mentioned cases provision was made for the preservation of the testimony of a witness by mechanical means pursuant to statutory authority. Legislation in both Florida and Washington specifically provides that the same rules governing the taking and processing of oral depositions in civil actions are applicable to criminal cases. (Hutchins v State, supra, p 245; State v Hewett, supra.)
The Moran case (supra) permitted the admission of a video tape of a main prosecution witness who was unavailable to testify at trial. The testimony was taken by means of video tape at a preliminary hearing. The Moran case is distinguishable from the case at bar since it does not appear that there was any objection raised to the original video taping.
However, there are no appellate opinions in this State which have permitted the use of recording machines, let alone video tapes, to preserve testimony in criminal cases.
The use of video tapes for pretrial examinations in New York civil cases has been judicially and subsequently statutorily sanctioned. CPLR 3113 (subd [b]) was amended effective September 1, 1977 to provide that: "testimony shall be recorded by stenographic or other means, subject to such rules as may be adopted by the appellate division in the department where the action is pending”. (Emphasis supplied.)
The use of video tape to preserve testimony for use at trial has been judicially sanctioned in many civil cases even before the effective date of the amendment to CPLR 3113 (subd [b]) and before the promulgation of the new rules thereunder by the Appellate Division of the First Department. (22 NYCRR 660.25; see Rubino v Searle & Co., 73 Misc 2d 447; Bichler v Lilly & Co., 50 AD2d 90.) In civil proceedings the courts have also sanctioned the use of tape recordings to preserve testimony for trial (Gotthelf v Hillcrest Lbr. Co., 280 App Div 668; Catapano v Shapiro, 6 AD2d 1054).
*641 While language similar to that of the Criminal Procedure Law (CPL 660.10) has been liberally construed in civil cases, I am not prepared to so interpret the statute to apply to video tapes when there is no appellate authority for even the use of tape recordings in criminal proceedings under this particular article.
CPL 660.10 specifically provides a criminal court may: "upon application of either the people or a defendant, order that a witness or prospective witness in the action be examined conditionally under oath in order that such testimony may be received and read into evidence at subsequent proceedings in or related to the action.” (Emphasis supplied.)
CPL articles 670 and 660 and the specific provisions therein for the admission of testimony into evidence, and more particularly former testimony, are more than just procedural statutes. They are penal in nature, if not in effect, and therefore, in the opinion of this court, must be strictly construed (see People v Harding, 37 NY2d 130; People v Gordon, 71 Misc 2d 540, 543; People v Minuto, 71 Misc 2d 800, 802).
In the Harding case (supra), a New York City police lieutenant was indicted for bribe receiving, grand larceny and related offenses. A witness for the People’s case testified and was cross-examined at a departmental hearing prior to the trial on the indictment. The Court of Appeals held that the trial court erred in admitting this evidence under CPL 670.10.
CPL article 670 is the statute governing the use of prior testimony at criminal trials. That statute specifies only three instances in which testimony taken at certain criminal judicial proceedings would be permitted into evidence at a subsequent proceeding. The statute does not provide for testimony taken at an administrative hearing; therefore, such testimony is not admissible. The court in Harding (supra) compared CPL 670.10 with the analogous provisions of CPLR 4517 which is a broadly drafted statute permitting the use of prior testimony in civil cases.
In comparing CPL 670.10 with CPLR 4517, the court states (P 134):
"This is as far as the Legislature has gone in permitting the use of prior testimony at criminal trials. It does not demonstrate, or even suggest a general intention to carry over the rules applicable in civil trials * * *
"Secondly, the civil statute and CPL 670.10 are governed by *642 different rules of construction. In criminal matters the courts must be more circumspect ” (Emphasis supplied.)
Therefore, it follows that CPL 660.10 must be strictly construed unlike its civil counterpart CPLR 3113 (subd [b]).
In People v Winborne (90 Misc 2d 71, supra) (and more recently in People v Stone [NYLJ, March 28, 1978, p 6, col 2] there was a stipulation to take testimony by video tape), permission was sought and obtained from the Presiding Justice of the Appellate Division (First Dept) pursuant to the Rules of the Administrative Board (22 NYCRR 33.3 [a] [7]) for the use of video tapes in those proceedings. The People argue that this indicates appellate approval of the right to preserve testimony by video tape. It is respectfully suggested that such approval cannot be construed as an appellate review of the issues dealt with herein. Those rules are concerned with media coverage of trials by photographic, broadcasting or telecasting and were not in my opinion drafted with the intent to require permission for the taking of testimony, by whatever means, if otherwise found proper as a matter of law.
There exists a multitude of unanswered questions about the impact of video tape on the criminal justice system. Research on the behavioral impact of video technology on trial participants is only in the initial stages. The CPL does not provide any direction as to the technical problems of using the video tape in the courtroom.
For example, to supplement CPLR 3113 (subd [b], 22 NYCRR 660.25 (f) provides: "The officer before whom the videotape deposition is taken shall cause to be attached to the original videotape recording a certification that the witness was fully sworn or affirmed by him and that the videotape recording is a true record of the testimony given by the witness.”
According to CPLR 3113 (subd [a]), such an officer is not permitted to be an attorney; therefore, it follows that he certainly may not be a Judge. In a criminal proceeding, there can be no referral of any examinations to any person other than the Judge before whom the case is to be heard. The question, therefore, arises whether the Judge himself as the officer hearing the examination has the responsibility to certify as to the accuracy of the tape. If so would this not mean that the Judge himself would be subject to be called as a witness on the issue of the authenticity of the recording in the event of any objections?
*643 Furthermore, the benefits to be derived from the video tape are dependent upon the ability of the video tape to accurately duplicate, both orally and visually, the courtroom scenario. An important issue is the scope of the photographic coverage. Should the video tape operator record the defendant alone or should he include the Judge and the attorneys?
Among the problems which the court would face in permitting a video tape recording are lighting, extraneous voices, positioning of the camera, spatial arrangements, participants’ mobility, acoustics, electrical power sources and the potential for operator bias during recordation. The problem of insufficient empirical research with video tape in the courtroom cannot be overemphasized. This is not to say that these problems are not solvable (see Whitman and Williams, Use of Videotape in the Courtroom: A Symposium, Brigham Young U L Rev [1975], 327-541; Barber and Bates, Videotape in Criminal Proceedings, 25 Hastings LJ 1017-1042).
The use of video tapes at civil trials is controlled by the Appellate Division which has set down substantial rules with reference to the conduct of the examination, transcription, certification, filing of objections, etc. (see 22 NYCRR 660.25). But the Appellate Divisions have not been delegated by the Legislature with the powers to adopt rules in criminal proceedings which would be tantamount to an amendment of the Criminal Procedure Law. Certainly, therefore, individual Judges of lower courts have no such powers, and to assume same can only lend itself to inequality, instead of uniformity, in the operation of an important aspect of criminal procedure law.
In People v Rockwell (38 Misc 2d 645, 649) in discussing the Criminal Procedure Law, the court stated: "Procedures in the criminal courts are governed solely by the Code of Criminal Procedure [the predecessor of the CPL]. It is the Bible of all legal operative methods which guide both court and counsel. With great particularity, in many sections, each step in criminal matters is set down in minute detail.”
While the Bronx District Attorney is to be commended for his initiative in seeking improved methods for the presentation of evidence by the use of modern technology in our courts of video tapes of crime scenes, lineups and interrogations (see Merola, Videotaping Becoming a "Reliable Friend” in Criminal Justice, NYLJ, May 1, 1978, p 32, col 1), this court is not prepared to legislate by judicial fiat.
*644 The initial determination as to whether or not video tape should be permitted for the perpetuation of testimony in a criminal proceeding is a matter to be determined solely by the Legislature.
Accordingly, to the extent that the People requested that the conditional examination be by video tape, that application was denied.