■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT WATSON, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant has been convicted by a jury of two counts of sexual abuse, first degree. He did not dispute that he and the codefendant engaged in sexual activities with the victim, but he contended at trial that she was a willing participant. That issue presents solely a question of fact, resolved in the People's favor on convincing evidence, and the principal contention for our consideration on this appeal is whether the court erred in permitting the People to take the deposition of an eyewitness to the crime, Joseph Brown, and read it to the jury. At the time of trial Brown was in the Erie County Medical Center. On September 20, 1979, after jury selection had started, the District Attorney served motion papers requesting permission of the court to take Brown's testimony at the medical center. In his affidavit the District Attorney stated that Brown was a material witness and that he believed Brown was not amenable to legal process because of illness (CPL 660.20, subd 2, par [b]). He stated that the source of his belief was information given him by Dr. James Stengel. In court, the District Attorney stated further that Brown was in respiratory isolation in serious condition, suffering from a bronchial infection that could lead to tuberculosis, that he was coughing up large quantities of blood and that the doctors were hoping to marshal his strength for surgery. In response, defense counsel stated his willingness to examine Brown at the medical center but objected to doing so unless the jury was present. The District Attorney stated that that was not possible because of the danger of infecting Brown. Defense counsel did not request a continuance but urged that either the jury should be permitted to see and hear Brown or the People should be obliged to forego his testimony. The

court granted the People's application and Brown's testimony was taken at the medical center in the presence of the court, both counsel, defendant and a stenographer. It was later received in evidence before the jury. Since defense counsel had a full opportunity to participate in the examination, only Brown's unavailability, and not the reliability of the evidence, is in issue (cf. *People v Johnson,* 51 AD2d 884). The first application, to conditionally take Brown's testimony, was sufficient. The court could properly accept the representation of the District Attorney of Brown's unavailability based upon his conversations with the doctor. Moreover, the information the prosecutor supplied the court was sufficient to warrant deposing Brown at the medical center (see *Hall v Potoker,* 49 NY2d 501, 507). The application, four days later, to read Brown's testimony to the jury, clearly did not meet the requirements of CPL 670.20, however, because the court failed to conduct an inquiry, as required by the statute, to establish Brown's unavailability. Nevertheless, defendant has waived any error in that respect by failing to object to the receipt of Brown's testimony. We also disagree with defendant's contention that the application was untimely because made after jury selection had started. CPL 660.10 permits receipt of the testimony "at subsequent proceedings". It does not require that the request to conditionally depose a witness be made before trial commences. Defendant also contends that Brown was incompetent to testify, as a matter of law, but the facts of Brown's alcoholism and his state of sobriety or drunkenness the night of the crime were fully explored on his cross-examination and in the testimony of the defense witnesses. Whether he was competent to testify and whether his testimony was credible was a question of fact for the jury. We have considered the other points raised by defendant and find that they do not require reversal. (Appeal from judgment of Erie Supreme Court, Sedita, J. — sexual abuse, first degree.) Present — Simons, J. P., Callahan, Doerr, Denman and Moule, JJ.