■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY L. WILSON, JR., Appellant.—Judgment unanimously affirmed. Memorandum: The identification of defendant, while he was waiting to testify before the Grand Jury, was inadvertent, was not occasioned by improper conduct on the part of law enforcement officials and did not violate his right to due process (see, People v Logan, 25 NY2d 184, 193, cert denied 396 US 1020; see also, People v Collins, 60 NY2d 214, 218). Further, his right to counsel, which had attached (see, People v Samuels, 49 NY2d 218), was not violated since his attorney was present at the time the identification was made. In any event, his in-court identification was based on an untainted source (see, People v Adams, 53 NY2d 241, 249-250). Moreover, the court acted in good faith and properly admitted into evidence the videotaped testimony of a prosecution witness who appeared to be unavailable to testify at trial. The accuracy and integrity of the videotape was not questioned. The taping was under the control and supervision of the Trial Judge, in the presence of defendant and his attorney, who was given an unimpeded opportunity, which he fully exercised, to cross-examine the witness (see, People v Winborne, 90 Misc 2d 71; Ann., 60 ALR3d 333, § 10, at 345). Finally, in view of

defendant's prior criminal record, we see no abuse of discretion in the trial court's sentence. (Appeal from judgment of Cayuga County Court, Contiguglia, J.—robbery, third degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.