■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL KNICKERBOCKER, Appellant. [646 NYS2d 476] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of grand larceny in the fourth degree and two counts each of robbery in the first degree and burglary in the first degree, defendant raises several issues regarding the examination of a witness conditionally pursuant to CPL article 660. Defendant has failed to preserve for our review his contentions that reversal is required because the People's application and County Court's order fail to state the name and address of the operator and his or her employer (*see,* CPL 660.40, 660.50; 22 NYCRR 32.2) and that the videotaping procedure failed to comply with 22 NYCRR 32.3, which requires the operator to state certain identifying information at the beginning of the examination. We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject the contention of defendant that the People failed to demonstrate the need for the conditional examination testimony at trial because of the unavailability of the witness (*see,* CPL 670.10 [1] [c]; 670.20; *People v Arroyo*, 54 NY2d 567, *cert denied* 456 US 979; *People v Wilson*, 112 AD2d 746, *lv denied* 66 NY2d 768; *cf., People v Watson*, 85 AD2d 920, 921).

Lastly, defendant has failed to preserve for our review his contention that he was deprived of a fair trial by the court's decision to permit the news media to photograph the conditional examination (*see,* CPL 470.05 [2]). In any event, that contention is unsupported by the record. (Appeal from Judg-

ment of Monroe County Court, Connell, J.—Burglary, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.