■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CROCKETT, Also Known as JAMES CROCKET, Appellant. [713 NYS2d 856] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 24, 1997, convicting defendant, after a jury trial, of four counts of robbery in the first degree, one count of robbery in the second degree and three counts of criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to four terms of 25 years, one term of 15 years and three terms of 1 year, all to run concurrently, unanimously affirmed.

The trial court properly precluded defendant from presenting evidence that a complainant in an unrelated robbery had misidentified defendant as her assailant where the proposed evidence did not show "a clear connection" between the perpetrator of the other robbery and the robberies with which defendant was charged "and raised no more than a mere suspicion" that another man who resembles defendant had committed the charged robberies (*People v Coleman*, 186 AD2d 509, *lv denied* 81 NY2d 787, citing, *inter alia*, *People v Johnson*, 47 NY2d 785, *cert denied* 444 US 857; *see also, People v Zanfordino*, 157 AD2d 682, *lv denied* 75 NY2d 971). Defendant's claim that the admission of a videotaped conditional examination of one of the complainants violated his right to confrontation and CPL 670.10 is unpreserved for appellate review (*see, People v Watson*, 85 AD2d 920, 921), and we decline to review it in the interest of justice, particularly given defendant's affirmative use of such evidence on summation (*see, People v Gomez*, 253 AD2d 719, *lv denied* 92 NY2d 982). We perceive no abuse of sentencing discretion. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.