Karla Raye GAVLOCK,
Plaintiff–Appellee,

v.

Darlene Kay COLEMAN and Dennis Coleman, Defendants,

and

Wright's Food Services, Inc., d/b/a Diamond Dave's Taco Company,
Defendant–Appellant.

No. 91–1640.

Court of Appeals of Iowa.

Sept. 29, 1992.

Frank D. Fuhr of Klockau, McCarthy, Ellison & Marquis, P.C., Rock Island, Ill., for appellant.

William G. Brewer and Robert A. Burnett, Jr., Des Moines, for appellee.

Heard by DONIELSON, P.J., HAYDEN, J., and KEEFE, Senior Judge.*

HAYDEN, Judge.

On December 23, 1988, Darlene Coleman went to Diamond Dave's with some companions and consumed several pitchers of beer. Darlene left Diamond Dave's at around 6:30 p.m. Eventually, Darlene proceeded southwest on Highway 330. At around 7:10 p.m., Darlene's vehicle collided

---

* Senior Judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

head on with Karla Gavlock's vehicle. Karla's vehicle had been traveling northeast on Highway 330. Karla alleged Darlene crossed the center line just prior to the accident. As a result of the accident, Karla suffered various injuries. Deputy Sheriff Jerry Allen investigated the accident at the scene. Allen performed a preliminary breath test (P.B.T.) on Darlene, which she failed. Allen also prepared an accident report. Later, a blood-alcohol test was performed which placed Darlene's blood-alcohol concentration at .227.

In January of 1990 Karla filed a petition against Darlene Coleman and her husband, Dennis, and Diamond Dave's seeking recovery for her injuries suffered in the accident. Karla's claim against Diamond Dave's was predicated on dramshop liability.

The case eventually proceeded to the jury. Following deliberations, the jury returned a verdict against both defendants. The jury then awarded damages for the vehicle, past medical expenses, future medical expenses, lost wages, past and future loss of function of the mind, past and future permanent injury, and past and future pain and suffering. The total damages award amounted to $597,427. Diamond Dave's appeals following denial of its post-trial motions.

On appeal, Diamond Dave's raises six assignments of error. Karla alleges Diamond Dave's failed to properly preserve error on many of these issues.

 The trial court tried this action at law. Our scope of review is for the correction of errors of law. Iowa R.App.P. 4. On the evidentiary issues preserved for appeal, we review for an abuse of discretion. *State v. Halstead,* 362 N.W.2d 504, 506 (Iowa 1985). In order to show an abuse of discretion, one generally must show the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976) (quoting *State v. Burnor,* 132 Vt. 603, 326 A.2d 138, 140 (1974)). As we examine the trial court's ruling, we are mindful "[t]he general rule in this jurisdic-

tion is one of liberality in the admission of opinion evidence." *State v. Hummell,* 228 N.W.2d 77, 82 (Iowa 1975).

I. The first issue is whether the trial court erred by admitting evidence Darlene Coleman failed a preliminary breath test. Defendant argues the trial court erred by admitting such evidence through the testimony of Deputy Allen and plaintiff's exhibit nineteen. Plaintiff argues this issue was not preserved for appeal.

The general rule with regard to the admission of P.B.T. results is the results are inadmissible if proper objections are raised. Section 321J.5 of the Iowa Code provides:

> The results of this preliminary screening test may be used for the purpose of deciding whether an arrest should be made and whether to request a chemical test authorized in this chapter, but shall not be used in any court action except to prove that a chemical test was properly requested of a person pursuant to this chapter.

Iowa Code § 321J.5 (1991).

 With regard to the testimony of Allen, we hold defendant failed to make the proper objection at trial. The following objection was the one in question:

> Q. As a result of the smell of alcohol and her speech, what did you do? A. I, at one point, asked Darlene to blow into an alcosensor, which is a portable breath-testing device.
>
> MR. SKOREPA: At this point, I'd like to make an objection to that question, and ask that the objection precede the answer to that question, on the basis that the objection would be those raised in our hearing earlier, Your Honor.

The basis of defendant's objection was Allen's statement revealed Coleman took a P.B.T. and failed it. The trial court overruled defendant's objection. We conclude this ruling was proper because the statement made no reference to the results of the P.B.T. Similarly defendant stated in his motion for a new trial: "During plaintiff's direct examination of Deputy Allen, the court erroneously allowed Allen to testify, over objection by this defendant, that

he administered a preliminary blood screening test to Darlene Coleman." The trial court denied defendant's motion. We hold this objection failed to preserve this issue for appeal because it attacked the administration of the test rather than its results.

The second source of evidence attacked by defendant was exhibit nineteen, which was an implied consent form from the Iowa Department of Transportation regarding the time the blood test was requested and the result. The form had a box indicating whether the P.B.T. result indicated a blood-alcohol concentration in excess of .10. In this case the box was checked indicating defendant failed the breath test. Defendant made the following objection to the admission of exhibit nineteen: "Judge, with regard to Plaintiff's Exhibit No. 19, I have objection to that. And the reasons and the bases for that objection were made earlier."

■ The hearing to which defendant referred had been conducted earlier outside the jury's presence. During that hearing the trial judge reserved ruling on the exhibit nineteen. The defendant's objection posed in the earlier hearing included the following statements:

Now, my specific objection to that document [plaintiff's exhibit nineteen] is that it is hearsay. And specifically, I would call the Court's attention to that information referring to the fact that a P.B.T. was given, and the box checked here, which would indicate that there was a P.B.T. result indicating an alcohol concentration in excess of .10. I think the statute [Iowa Code section 321J.5] is pretty clear that the results of these P.B.T.'s are not admissible in any criminal or civil case.

Although the objection may have been proper, the admission of exhibit nineteen was not prejudicial in light of other testimony and evidence which clearly put Darlene's failure of the test before the jury. The record shows this testimony and evidence was properly admitted and was not objected to by defendant. "It is elementary that admission of evidence is not prejudicial error where substantially the same evidence is in the record without objection." *Linge v. Iowa State Highway Comm'n,* 260 Iowa 1226, 1236, 150 N.W.2d 642, 648 (1967) (citations omitted).

The record shows an abundance of other evidence was properly put before the jury which clearly showed Darlene failed the P.B.T. Most significantly, testimony related to the P.B.T. results was properly admitted without objection from Darlene, Michael Rehberg, and Deputy Allen. At trial Darlene admitted her intoxication several times in her testimony. In addition she admitted she pled guilty to the charge of operating while intoxicated or drugged.

Q. At some point, well, you knew—Did you know that night when you left the hospital that you had been charged with O.W.I.? A. Yes.

Q. All right. And at some point later on down the road, you went into court and pled guilty, did you not? A. Yes.

Q. And you pled guilty to operating your motor vehicle while intoxicated? A. Yes.

Q. And you are in agreement that at the time you struck Karla Gavlock's car, you were under the influence of alcohol? A. Yes.

Additional evidence of Darlene's failure of the P.B.T. was also admitted through testimony of Michael Rehberg. Although this witness's testimony did not address the P.B.T. results, it did address Darlene's blood-alcohol level near the time of the accident. The testimony was based on a blood sample drawn from Darlene shortly after the accident.

Q. Now, if, in fact in this case of Darlene Coleman, the evidence has shown that at 8:40 p.m., Deputy Allen had a Nurse Martin remove blood from Darlene Coleman, is it your opinion, to a reasonable degree of medical certainty, that at that point in time her blood alcohol level was .22? A. Yes, sir.

Q. And, in fact, as you read this report, it says ".227" does it not? A. Yes, sir.

Based on the results of the blood sample, Rehberg was able to form an opinion as to Darlene's level of intoxication at the time she was in Diamond Dave's. Thus Rehberg's testimony provided evidence of Darlene's intoxication. Defendant failed to ob-

ject to this testimony, and it was presented to the jury.

Other testimony of Deputy Allen provides further evidence regarding Darlene's failure of the P.B.T. This testimony was also presented to the jury without objection from defendant.

Q. Tell the jury what happened as you made your second request [to Darlene to blow into the alcosensor]? A. After making a second request that Darlene blow into the Alcosensor, she did put her lips back up to the tube and give a short puff or breath through the tube.

Q. All right. As a result of having administered this P.B.T. you have referred to, what did you next do? A. After receiving the reading on the instrument, I became aware of the fact that I would be taking her [Darlene] into custody for O.W.I.

The admission of exhibit nineteen does not warrant a reversal of the trial court's decision or require this court to order a new trial because the P.B.T. results were repeatedly put before the jury through other testimony. We hold exhibit nineteen alone did not have a prejudicial effect on the jury in light of all the other evidence and testimony. We affirm on this issue.

II. The second assignment of error raised by defendant is whether the trial court improperly admitted testimony from Deputy Allen and his accident report, which was plaintiff's exhibit twenty-three. The defendant contends both sources of evidence involved Allen's opinion as to the cause of the accident.

■ The record, however, shows defendant Diamond Dave's did not object to the testimony of Allen. Although counsel for defendant Coleman objected to the question, counsel for defendant, Diamond Dave's, failed to object. The trial court overruled this objection. This issue was not preserved for appeal because defendant failed to make the proper objection or join in the objection raised at trial.

■ With regard to exhibit twenty-three, defendant objected to its admission claiming Deputy Allen's accident report was hearsay and included conclusions about the cause of the accident for which the witness

lacked proper expertise. In the accident report under the heading "Describe What Happened," Allen wrote "Vehicle no. 1 [Coleman] was traveling northeast on Highway 330. Vehicle no. 2 was traveling southwest on Highway 330. Vehicle no. 2 collided head on with vehicle no. 1 in the northeast bound lane." The sketch accompanying this description gave no indication which car was at fault. Allen's report "did not state the 'cause' of the accident, in the sense of direct testimony allocating fault, but was rather a chronological description of the events the occurrence of which the evidence supported." *Bornn v. Madagan,* 414 N.W.2d 646, 648 (Iowa App.1987). The trial court properly admitted the accident report into evidence. We affirm the trial court on this issue.

III. The third issue is whether the trial court erred in denying defendant's motion in limine for the exclusion of videotaped depositions of Dr. Richard J. Roberts and Dr. Mark Hines. The record shows defendant properly raised an objection to the use of the videotaped depositions. Thus, the issue was preserved for appeal. Defendant argues these videotaped depositions were not obtained in a manner required under Iowa Rules of Civil Procedure. Specifically, defendant argues plaintiff failed to provide notice the depositions would be played to the jury in the form of videotape rather than read to the jury.

■ The issue is whether the existing Iowa Rules of Civil Procedure prohibit the use of videotaped depositions. Iowa Rule of Civil Procedure 148 provides "[t]he testimony shall be taken stenographically or recorded by any other means ordered in accordance with R.C.P. 140'b'(4)." Iowa R.Civ.P. 148. Rule 140(b)(4) provides "[l]eave of court is not required to record testimony by nonstenographic means if the deposition is also to be recorded stenographically." Iowa R.Civ.P. 140(b)(4). In addition to being videotaped, the depositions of these two witnesses were stenographically recorded. Plaintiff also complied with the rules insofar as they required the depositions to be transcribed before a person authorized by law to administer oaths in Des Moines and required identification of the deponent. Iowa

R.Civ.P. 153, 140. Plaintiff served reasonable notice of the depositions pursuant to Iowa Rule of Civil Procedure 140(b)(1). Although the notice did not state the depositions would be recorded by videotape in addition to the usual stenographic reporting method, defendant failed to show any prejudice. The playing of the videotaped depositions provides as close an approximation to the actual presence of the witness in the courtroom and thus achieves the desirable result of placing the jury in a better position to carry out its function of evaluating the credibility of the witnesses than does the reading of the written depositions. *State ex rel. Lucas v. Moss*, 498 S.W.2d 289, 292 (Mo.1973) (court sitting en banc). No construction of the Iowa Rules of Civil Procedure prohibit the taking and use of videotaped depositions. We hold videotape is not prohibited in the taking of depositions and its use is permissible under the Iowa Rules of Civil Procedure if done in addition to the traditional recording and transcription method.

IV. Next, defendant contends the trial court abused its discretion in denying his motion to exclude plaintiff's husband from the courtroom when not testifying. Defendant claims the husband was able to conform his testimony to the testimony of the medical experts.

■ The exclusion of a witness as a means of preventing the witness from conforming his testimony to testimony of earlier witnesses is a recognized practice among courts. *State v. Sharkey*, 311 N.W.2d 68, 70 (Iowa 1981) (citations omitted). The Iowa Supreme Court, however, has stated "a party is not entitled as a matter of right to exclusion of witnesses from the courtroom." *Id.* The exclusion of a witness rests within the discretion of the trial court. *Id.* (citations omitted).

■ We hold the trial court did not abuse its discretion in refusing to exclude plaintiff's husband from the courtroom. The record does not indicate plaintiff's husband was influenced in his testimony by the testimony of the medical experts. Defendant has failed to show he was prejudiced in any manner by the trial court's decision. In the absence of prejudice, we affirm the trial court on this issue.

V. The fifth assignment of error raised by defendant is whether the trial court erred in granting plaintiff's motion in limine with respect to the issue of insurance. In the motion plaintiff sought to exclude parts of testimony by Dr. Stuart, a witness for defendant, in which the witness referred to plaintiff's insurance coverage. The trial court deleted these references from the videotaped deposition of Dr. Stuart.

■ Iowa Rule of Civil Procedure 241 provides: "[a] bill of exceptions shall be necessary only to effect a showing of material portions of the record of the cause not shown by the court files, entries, or legally certified shorthand notes of the trial, if any." Iowa R.Civ.P. 241. Nothing in the record identifies the specific testimony of Dr. Stuart which was deleted by the trial court. Defendant failed to make an offer of proof, and thus the issue was not properly preserved for appeal. The trial court's exclusion of Dr. Stuart's alleged testimony regarding plaintiff's insurance was not error in absence of an offer of proof. *Hayes v. Chicago, R.I. & P. Ry.*, 239 Iowa 149, 151–52, 30 N.W.2d 743, 745 (1948). We affirm on this issue.

■ VI. The final issue on appeal is whether the jury award is excessive. Plaintiff argues the award should not be sustained. In the alternative, plaintiff contends the award is so excessive it fails to do substantial justice between the parties and thus requires this court to order a remittitur or new trial.

The jury returned the following award:

| | |
|---|---:|
| 1. The difference between the reasonable market value of the vehicle immediately before the accident and after the accident | $ 2,622 |
| 2. The reasonable value of necessary hospital charges, doctor charges, prescription and other medical services from the date of injury | 10,630 |
| 3. The present value of reasonable and necessary hospital charges, doctor charges, prescription and other medical services which will be incurred in the future | 7,800 |

4. The reasonable value of lost wages from date of injury to present time .............. $ 3,150

5. Loss of function of the mind from the date of injury to the present time .............. 11,700

6. The present value of future loss of function of the mind .......................... 150,000

7. Permanent injury .............. 1,325

8. The present value of her future permanent injury .......... 42,800

9. The physical and mental pain and suffering from the date of injury to the present time ........................... 17,400

10. The present value of future physical and mental pain and suffering .................. 350,000

TOTAL ....................... 597,427

The trial court added interest accordingly.

In a motion for new trial, defendant contended the size of the awards for items six and ten was the result of passion and prejudice. In a more general statement in the motion, defendant claims the entire verdict was not sustained by sufficient evidence and is contrary to law.

The trial court has a broad discretion when determining whether a verdict provides substantial justice between the parties. Iowa R.App.P. 14(f)(3). Plaintiff was approximately twenty years of age at the time of the accident. Evidence shows plaintiff suffered a closed-head injury as a result of the accident and this injury was of a permanent nature. She also suffered fractures to her right foot and nose. Plaintiff has facial and knee scars as a result of the accident. She suffers from arthritis and experiences continuing pain. It is expected plaintiff will undergo further surgery, which may include bone fusion, nasal surgery, and scar revisions. In addition, plaintiff's personality has changed, and her future earning capacity has been impaired as a result of the injuries sustained in the accident.

We hold the damages awarded by the jury are not excessive and do not shock the conscience of this court. We affirm on this issue.

AFFIRMED.