# IN THE COURT OF APPEALS OF IOWA

No. 22-0624
Filed February 8, 2023

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**BITA AMISI,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


　　Defendant appeals his convictions for operating while intoxicated, third offense, and eluding. **AFFIRMED.**


　　Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


　　Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Bita Amisi appeals his convictions for operating while intoxicated (OWI), third offense, and eluding. We conclude the district court did not abuse its discretion by admitting Exhibit 4, a video of Amisi's interactions with officers that showed a request for a preliminary breath test (PBT). There is substantial evidence in the record to support Amisi's convictions. We affirm the convictions.

## I.      Background Facts & Proceedings

From the evidence presented during trial, the jury could find the following facts. On August 23, 2021, Officer Angel Perez of the Des Moines Police Department was on routine patrol. He was in a marked police vehicle and wearing his full uniform.

Officer Perez observed a vehicle swerving in traffic. The vehicle was driving into the wrong side of the roadway, heading northbound into the southbound traffic. He activated his red and blue emergency lights to alert the driver to stop. He also activated his siren. The vehicle did not stop for a period of time. It eventually pulled into the parking lot of an apartment complex. Officer Perez parked behind the vehicle. The driver attempted to back out of the parking lot. The officer commanded the driver to stop and get out of the vehicle.

The driver of the vehicle was Amisi. Officer Perez stated Amisi "had unsteady balance; bloodshot, watery eyes; and alcohol on his breath." He also noted that Amisi had slurred speech. The officer observed an open container of alcohol in the vehicle. He placed Amisi in the back of his patrol car and requested assistance. The traffic stop and Officer Perez's interactions with Amisi were recorded.

Officer James Chadwick responded to Officer Perez's request for assistance. Officer Chadwick stated Amisi had "bloodshot, watery eyes; slurred speech," and "smelled strongly of a beverage with alcohol." He asked Amisi to participate in field sobriety tests. Amisi was marked as refusing the horizontal-gaze-nystagmus test. Officer Chadwick then asked Amisi to participate in the walk-and-turn test. Out of eight possible indicators, Amisi demonstrated seven indicators of impairment. Officer Chadwick also asked Amisi to do the one-leg-stand test. There are four indicators of impairment for this test; Amisi showed all four. Finally, the officer conducted a PBT.

During field sobriety tests, Amisi requested an interpreter in Swahili but none was provided. When asked if he had a difficult time communicating with Amisi, Officer Chadwick responded, "I wouldn't say we had a difficult time, no, sir. I believe I am versed with dealing with individuals who are under the influence and also individuals from varying backgrounds. So there are barriers to overcome, but we spoke together clearly."

Officer Chadwick believed Amisi was impaired. He arrested him for OWI and took him to the Des Moines Police Station. The implied consent advisory was read to Amisi. He became "very irritable, upset, just incoherent," and asserted that he had not been driving. Amisi refused a breath test. Officer Chadwick's interactions with Amisi were recorded by video.

Amisi was charged with OWI, third offense, in violation of Iowa Code section 321.J.2 (2021), and eluding, in violation of section 321.279(1)(a). Amisi had an interpreter for the jury trial, which began on November 15, 2021. Amisi objected to Exhibit 4, which was an edited video of the field sobriety tests that showed Amisi

was asked for a PBT. The video did not show the administration of the test or its results. Amisi claimed the exhibit was a violation of section 321J.5(2) regarding the introduction of evidence of a PBT.[1] He also claimed the evidence was more prejudicial than probative, "as the only real inference the jury can draw from the way it's presented is that he failed the PBT." The district court determined that "the fact a PBT was administered is not barred from evidence under [chapter] 321J. As long as the PBT results are not put into evidence, I don't think that the recording is improper." Amisi's objection was overruled.

The jury found Amisi guilty of OWI and eluding. Following a separate hearing, a jury found Amisi had two prior convictions for OWI. He was sentenced to a term of imprisonment not to exceed five years on the charge of OWI, third offense, and one year on the charge of eluding, to be served consecutively. Amisi now appeals.

## II.    Admission of Evidence

**A.**    Amisi contends the district court erred by permitting the State to introduce Exhibit 4, which showed that he was requested to take a PBT. The video does not show the results of the test but shows Amisi agreeing to the PBT, then following the test, Amisi was arrested. Amisi claims the jury would interpret the video to show that he failed the PBT, and under section 321J.5(2) it was not permissible to present this evidence to the jury.

---

[1] Section 321J.5(2) provides:

> The results of this preliminary screening test may be used for the purpose of deciding whether an arrest should be made or whether to request a chemical test authorized in this chapter, but shall not be used in any court action except to prove that a chemical test was properly requested of a person pursuant to this chapter.

Evidence that a defendant agreed to take a PBT is admissible when there is no reference to the results of the test. *Gavlock v. Coleman*, 493 N.W.2d 94, 96 (Iowa Ct. App. 1992); *see also State v. Smidl*, No. 12-2182, 2014 WL 69751, at *2 (Iowa Ct. App. Jan. 9, 2014) ("Evidence of a decision to take a PBT or a refusal to submit to a PBT, however, is not deemed inadmissible under section 321J.5(2)."); *State v. Orr*, No. 05-1864, 2006 WL 2419198, at *2 (Iowa Ct. App. Aug. 23, 2006) ("[E]vidence that a defendant submitted to a PBT is admissible when no reference is made to the results of the test."). We conclude Exhibit 4 was not inadmissible under section 321J.5(2) because the exhibit did not refer to the results of the breath test.

**B.**     Amisi also asserts the district court abused its discretion by denying his objection to Exhibit 4 on the ground the evidence was more prejudicial than probative. Iowa Rule of Evidence 5.403 provides that relevant evidence may be excluded if the probative value of the evidence is outweighed by the danger of undue prejudice. Amisi states the video shows he agreed to the PBT and was arrested afterward, leading to the inference that he failed the PBT. He points out that the results of a PBT are unreliable, and so claims that evidence he failed the PBT is prejudicial. *See State v. Calvert*, No. 10-0663, 2011 WL 1135648, at *3 (Iowa Ct. App. Mar. 30, 2011) (noting the results of a PBT are not admissible because the PBT is unreliable).

When considering whether evidence is more prejudicial than probative under rule 5.403, a court should (1) "consider the probative value of the challenged evidence" and (2) "balance[ ] the probative value against the danger of its prejudicial effect." *State v. Liggins*, 978 N.W.2d 406, 422 (Iowa 2022). In

considering probative value, the court "gauges the strength and force of evidence to make a consequential fact more or less probable. *Id.* "Unfair prejudice arises when the evidence prompts the jury to make a decision on an improper basis." *Id.* "Unfair prejudice arises when the evidence 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or . . . may cause a jury to base its decision on something other than the established propositions in the case.'" *State v. Wilson*, 878 N.W.2d 203, 216 (Iowa 2016) (citation omitted). We review the district court's decision for an abuse of discretion. *State v. Webster*, 865 N.W.2d 223, 243 (Iowa 2015).

The State argues that Exhibit 4 was probative to whether Amisi was intoxicated. The probative value of the exhibit is not based upon Amisi's consent to the PBT but rather his speech and physical manifestations of intoxication during the process of obtaining his consent. Additionally, the danger of unfair prejudice was very low. It seems unlikely that Amisi's consent to the PBT would prompt "the jury to make a decision on an improper basis." *See Liggins*, 978 N.W.2d at 422*.* The evidence would not cause the jury to "base its decision on something other than the established propositions in the case." *See Wilson*, 878 N.W.2d at 216. We conclude the district court did not abuse its discretion by admitting Exhibit 4.

### III. Sufficiency of the Evidence

**A.** Amisi claims the State did not present sufficient evidence to support a conviction for OWI. He concedes that he was operating a motor vehicle but contends there is insufficient evidence to show he was under the influence of alcohol. He asserts that erratic driving could have been caused by cell phone usage. He also points out that there was not an interpreter present while he was

performing the field sobriety tests, which could cause a failure to follow instructions.

In regard to claims challenging the sufficiency of the evidence, the Iowa Supreme Court has stated:

> Sufficiency of the evidence claims are reviewed for corrections of errors at law. In making determinations regarding the sufficiency of the evidence, we "view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence." If the record contains substantial evidence to support the defendant's conviction, we will uphold a trial court's denial of a motion of acquittal. "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." Evidence can be either circumstantial or direct, or both. Evidence is substantial if a reasonable trier of fact would be convinced that the defendant is guilty beyond a reasonable doubt.

*State v. Lilly,* 930 N.W.2d 293, 298 (Iowa 2019) (citations omitted).

During the trial, Officer Perez testified Amisi "had unsteady balance; bloodshot, watery eyes; and alcohol on his breath," as well as slurred speech. Officer Chadwick stated Amisi had "bloodshot, watery eyes; slurred speech," and "smelled strongly of a beverage with alcohol." Additionally, there was an open container of alcohol in the vehicle. The video of the officers' interactions with Amisi showed he had an unsteady gait and difficulty maintaining his balance.[2] Furthermore, before he was stopped, Amisi was driving very erratically—going fully

---

[2] The videos show Amisi was able to understand the officer's instructions for the field sobriety tests, as Amisi put his arms to his sides and put his feet together when asked. Also, the officer demonstrated the walk-and-turn test and the one-leg-stand test before asking Amisi to perform the tests. We note, however, that even without the evidence of the failed field sobriety tests, there is sufficient evidence to show Amisi was impaired.

into the lane of oncoming traffic. We conclude there is sufficient evidence in the record to show Amisi was driving while under the influence of alcohol.

**B.** Amisi asserts there is not sufficient evidence in the record to show he was guilty of eluding. He was found guilty of violating section 321.279(1)(a), which provides:

> The driver of a motor vehicle commits a serious misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked or unmarked official law enforcement vehicle driven by a peace officer after being given a visual and audible signal to stop. The signal given by the peace officer shall be by flashing red light, or by flashing red and blue lights, and siren.

Amisi claims the State did not present evidence that he willfully failed to bring his vehicle to a stop. He contends that he might have been using his cell phone or had a different reason to be distracted.

When Officer Perez observed Amisi's erratic driving, he activated his red and blue emergency lights to alert the driver to stop. He also activated his siren on his fully marked patrol car. Amisi did not stop his vehicle for a period of time, passing several streets and parking lots where he could have stopped. Eventually, Amisi pulled into the parking lot of an apartment complex. Even then, Amisi attempted to back out of where he had stopped until Officer Perez verbally commanded Amisi to stop and get out of the vehicle.

We conclude there was sufficient evidence in the record for the jury to find Amisi guilty of eluding. Amisi did not stop in response to the siren and flashing lights of the patrol car. *See State v. Wilson*, No. 17-1636, 2018 WL 5839881, at *3 (Iowa Ct. App. Nov. 7, 2018) (noting the defendant "refused to stop in response to the siren and flashing lights"); *see also State v. Gordon*, No. 15-2038, 2017 WL

5185401, at *4 (Iowa Ct. App. Nov. 8, 2017) (finding "there is substantial evidence in the record to show [the defendant] kept driving after being given a visual and audible signal to stop"); *State v. Evenson*, No. 14-0168, 2015 WL 1848719, at *3 (Iowa Ct. App. Apr. 22, 2015) ("The critical act is continuing to drive away or taking evasive action after receiving obvious direction to stop from law enforcement.").

We affirm Amisi's convictions for OWI, third offense, and eluding.

**AFFIRMED.**