# IN THE COURT OF APPEALS OF IOWA

No. 23-1083
Filed September 13, 2023

**IN THE INTEREST OF J.F. and J.F.,**
**Minor Children,**

**J.F., Mother,**
       Appellant,

**R.F., Father,**
       Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A father and mother separately appeal the order terminating their parental rights.  **AFFIRMED ON BOTH APPEALS.**

Annette F. Martin, Cedar Rapids, for appellant mother.

W. Eric Nelson of Office of the State Public Defender, Cedar Rapids, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

A father and mother separately appeal the order terminating their parental rights. The father did not preserve his reasonable-efforts claim. But even if we were to consider his claim, the father has not shown the State failed to engage in reasonable efforts to reunite him with the children. There is clear and convincing evidence in the record to support termination of the mother's parental rights, termination of her parental rights is in the children's best interests, and an exception to termination should not be applied. We affirm the decision of the district court on both appeals.

## I.     Background Facts & Proceedings

B.F., father, and J.F., mother, are the parents of Jo.F., born in 2017, and Je.F., born in 2019. In February 2022, the family came to the attention of the Iowa Department of Health and Human Services (HHS) based on concerns the parents were using illegal drugs. The parents tested positive for amphetamines and methamphetamine.[1] Hair testing of the children was also positive for methamphetamine. The children were removed from parental custody and custody was placed with HHS.[2]

The children were adjudicated to be in need of assistance, pursuant to Iowa Code section 232.2(6)(n) (2022). The parents participated in services and, in July, they progressed to semi-supervised visits. But in September, the mother tested

---

[1] The father has a medical marijuana card and he consistently tested positive for marijuana throughout the juvenile court proceedings.

[2] The children were initially placed in foster care, moved to relative placement, and then to fictive kin. By the time of the termination hearing, both children were back in foster care.

positive for oxycodone and oxymorphone. The HHS caseworker stated, "[The parents] continue to struggle with making and following through with appointments for the children or asking for help timely but continue to blame previous [HHS] workers or placements for things not being completed." HHS determined visits should again be fully supervised.

In September, there was a report that the mother stole money from another woman's purse. The police report stated the mother was with her husband and a child at the time. In November, HHS learned the placement caring for the children permitted the parents to have unsupervised contact with the children. And the children reported spending two nights with the parents. The older child was sent to school dirty and with an odor. As a result, the children were moved back to foster care.

In December, the guardian ad litem (GAL) reported "a complete lack of honesty from [the parents]. They have been dishonest from the start of the case regarding their use of methamphetamine and continue to deny use when they have positive tests." The GAL also noted concerns about the children's health and medical needs. The mother stated the children had inhalers, but she did not provide the foster parent with the children's diagnoses or the inhalers. At visits, the parents smoked cigarettes in the presence of the children. Both children had extensive dental decay.

The mother filed a motion for reasonable efforts, highlighting that the children had been moved to a new foster home that was one and one-half hours away, which made it difficult to visit the children as neither parent had a driver's license. She also stated there had not been sufficient opportunities for telephone

contact with the children. The court ruled HHS "has made reasonable efforts to reunify the family during this review period, as documented by the written reports and the case permanency plan."

In February 2023, the State petitioned to terminate the parents' rights. The father testified he had post-traumatic stress disorder, split personality disorder, paranoid schizophrenia, and depression. He stated he was supposed to be on medication but had run out. He stated he did not remember events when his other personalities were prevalent. The father added that he was currently unable to work because of a heart valve problem. He admitted that custody of the children could not be returned to him that day as the parents had inadequate housing. The parents hoped to have an apartment within a few months.

The mother testified that she participated in telehealth appointments with a therapist for her mental health. She also stated that she completed an extended outpatient substance-abuse treatment program in December 2022. The mother denied taking money from a purse but agreed she had pled guilty to the charge of fifth-degree theft. She testified the children could be returned to her custody, stating, "I have beds for them, I just got to get a place to put them at."

The court terminated the parents' rights to Jo.F. under section 232.116(1)(f) (2023) and to Je.F. under section 232.116(1)(h).[3] The court found termination was in the children's best interests:

---

[3] Iowa Code section 232.116(1)(f) provides for termination of parental rights in the following circumstances:
      (1) The child is four years of age or older.
      (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

It is in the best interest of these children for parental rights to be terminated. Services have been provided for over a year for this family and the providers cannot recommend that the children be returned to the custody of either parent. The parents have engaged in such a level of deceit and dishonesty that it is impossible to determine whether they are adequately managing their mental health, can provide housing and support to provide for the children's needs, and are not abusing substances. . . . [The children's] behaviors at school when living with the placements selected by the parents were very concerning. While these behaviors have lessened since being placed with their current foster family, it is clear the children need permanency now. [The parents] have not demonstrated the ability to provide this permanency without the need for continuing assistance and oversight.

The court determined none of the exceptions to termination found in section 232.116(3) should be applied. The parents each appeal the termination of their parental rights.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear

---

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Also, section 232.116(1)(h) provides for termination where:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, we consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the children's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* But in instances where the parent does not raise a claim relating to any of the three steps, we do not address them and instead limit our review to the specific claim presented. *See id.* at 40 (recognizing we do not consider a step the parent does not challenge).

### III. Father

The father claims his parental rights should not be terminated because HHS did not engage in reasonable efforts to reunite him with the children. "Reasonable efforts are services to 'preserve and unify a family prior to the out-of-home placement of a child in foster care or to eliminate the need for removal of the child or make it possible for the child to safely return to the family's home.'" *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019) (citation omitted). The reasonable-efforts requirement is not a strict substantive requirement for termination, but the scope

of the efforts offered by HHS impacts the burden of proving the elements of termination. *C.B.*, 611 N.W.2d at 493.

Although HHS must make reasonable efforts toward reunification, "parents have a responsibility to object when they claim the nature or extent of services is inadequate." *In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017). An objection to services must be made before the termination hearing, or it is waived. *Id.* at 840.

The father asserts that error was preserved on this issue because the mother filed a motion for reasonable efforts in January 2023.[4] The record does not show the father joined in the mother's motion. The mother's motion does not preserve the issue for the father. *See Gavlock v. Coleman*, 493 N.W.2d 94, 98 (Iowa Ct. App. 1992) (finding a party did not preserve error when the party did not raise the issue before the district court or join in the objection raised by another party); *see also State v. Simon*, No. 20-0653, 2021 WL 2709478, at *1 (Iowa Ct. App. June 30, 2021) (finding a party could not rely on the objection of another party when "he never moved to join in such objection").

We conclude the father did not preserve the issue of reasonable efforts because the record does not show he raised the issue before the termination hearing. *See L.M.*, 904 N.W.2d at 840. Even if the issue had been raised, we find the services provided to the father were reasonable under the circumstances of the case. *See In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000) ("[T]he department must assess the nature of its reasonable efforts obligation based on

---

[4] We note a review order of August 2022 reflects that the father requested therapy for one of the children, but the father does not raise this issue in his appeal and cites only to the mother's motion for reasonable efforts.

the circumstances of each case."). The district court found, "[a]dditional services are not likely to change the outcome due to the parent's lack of honesty and their lack of insight into how their behaviors and situation negatively impact their children."

We affirm the district court's termination of the father's parental rights.

## IV. Mother

A. The mother claims there was not sufficient evidence in the record to support termination of her parental rights. She challenges the final element of section 232.116(1)(f) and (h), which requires clear and convincing evidence to show the children would suffer harm if returned to the parent. She asserts the children could be safely returned to her.

"We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). Section 232.116(1)(f)(4) and (h)(4) require a showing by clear and convincing evidence that a child "could not be safely returned to the custody of [the child's] parents." *In re S.O.*, 967 N.W.2d 198, 206 (Iowa 2021). Pursuant to section 232.116(1)(f)(4) and (h)(4), a court considers whether a child can be returned to the parent at the time of the termination hearing. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).

The court found the children could not be returned to the mother, noting, "The parents have engaged in such a level of deceit and dishonesty that it is impossible to determine whether they are adequately managing their mental health, can provide housing and support to provide for the children's needs, and are not abusing substances." Also, while the mother testified the children could be

returned to her while she lived with the maternal grandmother, the father testified this housing was not adequate, and the family would need more time to obtain housing before the children could be returned to the parents.

We determine there is clear and convincing evidence in the record to show the children could not be safely returned to the mother at the time of the termination hearing. *See A.B.*, 957 N.W.2d at 294; *S.O.*, 967 N.W.2d at 206.

**B.** The mother contends that termination of her parental rights is not in the children's best interests. In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *P.L.*, 778 N.W.2d at 40. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

The mother has not shown the ability to meet the children's needs. She has not resolved her substance-abuse issues. And she lacks the ability to address the children's medical issues, including both children's extensive tooth decay. The mother continued to give the children sugary drinks and snacks during visitation. Both children had asthma, but the mother smoked in their presence. The mother has not demonstrated the ability to provide permanency for the children. We conclude that termination of the mother's parental rights is in the children's best interests.

**C.**     As part of her best interests argument, the mother asserts that it would be detrimental to the children to terminate her parental rights due to the bond she has with them, citing to section 232.116(3).   Section 232.116(3)(c) provides the court may decide to not terminate parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory."  *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children."  *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019).  "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ."  *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).   The children's best interests remain our first consideration.  *Id.* at 475.

We find the mother has not met her burden to show termination of her parental rights would be more detrimental to the children than continuing the parent-child relationship.   The district court stated, "[t]he court, in making this decision, has considered the trauma caused by the termination of parental rights, but finds that risk of continued harm in the parents' care, and the children's need for permanency, greatly outweighs this trauma."  We determine that an exception to termination of parental rights should not be applied.

We affirm the district court's decision terminating the parental rights of the father and mother.

**AFFIRMED ON BOTH APPEALS.**